Mark Anthony LUNA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–97–01003–CR, 04–97–01004–CR.

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1998.

Discretionary Review Refused
April 28, 1999.

Lisa M. Beck, Beck & Beck, San Antonio, for Appellant.

Edward F. Shaughnessy, III, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before TOM RICKHOFF, Justice, SARAH B. DUNCAN, Justice and KAREN ANGELINI, Justice.

## OPINION

KAREN ANGELINI, Justice.

### Nature of the case

Mark Anthony Luna plead guilty to the offenses of aggravated robbery and injury to

an elderly individual. Pursuant to a plea agreement, the court assessed punishment at thirteen years for the aggravated robbery offense and ten years for the injury to an elderly individual offense with the sentences running concurrently. In his first issue on appeal, Luna argues that double jeopardy bars his conviction for injury to an elderly individual. In his second issue, Luna asserts that he received ineffective assistance of counsel. In his third issue, Luna urges that his guilty pleas were involuntary. We affirm.

### Factual background

The evidence shows that Luna approached an elderly couple, pointed to a pellet gun tucked into his waistband, and demanded the woman's purse. The elderly man removed his belt and attempted to strike Luna with the belt. Luna then hit the man with the butt of his gun. Luna was indicted for aggravated robbery against the woman and injury to an elderly individual for the assault of the man.

### Jurisdiction

Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure limits our jurisdiction over appeals from plea bargained convictions.[1] The rule provides, in part:

> if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
>
> (A) specify that the appeal is for a jurisdictional defect;
>
> (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or
>
> (C) state that the trial court granted permission to appeal.

Tex.R.App. P. 25.2(b)(3)(A)–(C).

If the notice of appeal does not comply with rule 25.2(b)(3) and is only a

---

1. Former rule 40(b)(1).

general notice of appeal, we can only address jurisdictional defects or the voluntariness of a defendant's guilty plea. *Flowers v. State,* 935 S.W.2d 131, 134 (Tex.Crim.App.1996). A defendant's general notice of appeal does not confer jurisdiction to address non-jurisdictional errors occurring before or after the entry of the plea. *Lyon v. State,* 872 S.W.2d 732, 736 (Tex.Crim.App.1994), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).

■ Luna pled guilty and received the agreed punishment. Luna filed only a general notice of appeal and did not receive the trial court's permission to appeal, so we can only address jurisdictional defects or the voluntariness of his guilty pleas. Luna's second issue, that his counsel was ineffective, has been held to be a nonjurisdictional error. *See id.; Robinson v. State,* 880 S.W.2d 193, 194 (Tex.App.—San Antonio 1994, no pet.). Thus, we dismiss Luna's second issue for want of jurisdiction.

■ The State urges that Luna's guilty pleas bar his double jeopardy claim. However, courts have held that double jeopardy is a jurisdictional defect and therefore cannot be waived after a guilty plea. *See Courtney v. State,* 904 S.W.2d 907, 910 (Tex.App.—Houston [1st Dist.] 1995, pet. ref'd); *Garcia Rodriguez v. State,* 750 S.W.2d 906, 908–09 (Tex.App.—Corpus Christi 1988, pet. ref'd); *Jacobs v. State,* 823 S.W.2d 749, 750 (Tex.App.—Dallas 1992, no pet.) (citing *Harrison v. State,* 721 S.W.2d 904, 905 (Tex.App.—Dallas 1986), *rev'd and remanded on other grounds,* 767 S.W.2d 803 (Tex.Crim.App. 1989)). *But see Berrios–Torres v. State,* 802 S.W.2d 91, 94 (Tex.App.—Austin 1990, no pet.). The State also argues that Luna waived his double jeopardy complaint because he did not object at trial and is raising the issue for the first time on appeal. However, it has been found that an appellant can raise double jeopardy for the first time on appeal. *Manrique v. State,* 943 S.W.2d 115, 119 n. 9 (Tex.App.—San Antonio 1997, pet. granted); *McDuff v. State,* 943 S.W.2d 517, 524 (Tex.App.—Austin 1997, pet. ref'd). Therefore, we will address the merits of Luna's double jeopardy claim.

**Double jeopardy**

■ In his first issue, Luna argues that his conviction for aggravated robbery bars his conviction for injury to an elderly individual because he has received two punishments for the same offense in violation of the double jeopardy clause. The Fifth Amendment of the United States Constitution provides that "no person be subject for the same offense to be twice placed in jeopardy of life or limb." The guarantee against double jeopardy arises in three situations: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Luna contends that his conviction for injury to an elderly individual violates the third situation. To determine whether a prosecution violates the protection against multiple punishments, we look to the "same elements test" set forth in *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Blockburger* provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each statute requires proof of an element which the other does not." *Id.*

Luna was indicted and convicted for the offense of injury to an elderly individual which is defined as follows:

> A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a ... elderly individual, ...:
>
> (1) serious bodily injury;
>
> (2) serious mental deficiency, impairment, or injury; or
>
> (3) bodily injury.

TEX. PEN.CODE ANN. § 22.04(a) (Vernon 1994). An "elderly individual" means a person 65 years of age or older. *Id.* § 22.04(c)(2). Luna was also indicted and convicted for the offense of aggravated robbery which in pertinent part provides:

A person commits an offense if he commits robbery as defined in Section 29.02,[2] and he:

(1) causes serious bodily injury to another;

(2) uses or exhibits a deadly weapon; or

(3) causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:

(A) 65 years of age or older.

*Id.* § 29.03(a).

Luna argues that causing bodily injury to an elderly person is also a necessary element of aggravated robbery and therefore the offense of injury to an elderly individual does not require proof of an element which aggravated robbery does not also require. However, a person commits aggravated robbery while in the course of committing theft by causing bodily injury or *by threatening or placing another in fear* of imminent bodily injury or death. In this case, Luna was indicted for placing the complainant in fear of imminent bodily injury and death while in the course of committing theft. Thus, the element of causing bodily injury was only required for proof of the offense of injury to an elderly individual and not for proof of aggravated robbery. Clearly, the *offense of aggravated robbery requires proof of theft* which is an element not required to prove injury to an elderly individual. Thus, under the *Blockburger* test, "each statute requires proof of an element which the other does not" and Luna was not subjected to double jeopardy when he was convicted of the offense of injury to an elderly individual. Accordingly, we overrule his first issue.

### Voluntariness

 In his third issue, Luna asserts that his guilty pleas were entered involuntarily. Luna argues that his court-appointed attorney's lack of preparation for trial forced

him to plead guilty. In considering the voluntariness of a plea, we consider the totality of the circumstances. *Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). When the record reflects that the court properly admonished the defendant, a prima facie showing is made that the plea was entered voluntarily. *Rodriguez v. State,* 933 S.W.2d 702, 705 (Tex.App.—San Antonio 1996, pet. ref'd). The burden then shifts to the defendant to prove that he did not understand the consequences of his plea. *Id.* at 706.

The record shows that Luna signed the court's admonishments and stated at the plea hearing that he had read the document. The judge asked Luna if he had any questions about the admonishments and he stated that he did not. The judge also asked Luna if anyone had forced him to plead guilty to which Luna answered "no." Therefore, we find a prima facie showing that Luna entered his guilty pleas voluntarily. There is no evidence in the record that Luna plead guilty to the offenses because his attorney was unprepared for trial. Thus, Luna has failed to prove that he plead guilty without full awareness of the consequences of his plea. We find no evidence that his guilty pleas were entered involuntarily. We overrule Luna's third issue.

We affirm the judgment.

**2.** A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

Tex. Pen.Code Ann. § 29.02(a) (Vernon 1994).