TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00255-CR







Michael Douglas, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BEXAR COUNTY, 187TH JUDICIAL DISTRICT


NO. 98-CR-0950, HONORABLE RAYMOND ANGELINI, JUDGE PRESIDING








 Appellant, Michael Douglas, pleaded guilty, pursuant to a plea bargain agreement,
to the offense of possession of cocaine as a habitual offender. See Tex. Health & Safety Code
Ann. § 481.115 (West Supp. 1999); Tex. Penal Code Ann. § 12.42 (West 1994 & Supp. 1999). 
The court assessed punishment at imprisonment for twelve years and a $1,000 fine. In a single
point of error, appellant contends the trial court erred when it failed to grant his written pretrial
motion to suppress evidence. We will dismiss the appeal for want of jurisdiction.


JURISDICTION


 Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure limits our jurisdiction
over appeals from plea-bargained convictions. The rule provides, in part:


[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or
nolo contendere under Code of Criminal Procedure article 1.15, and the
punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the notice must:


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written motion
and ruled on before trial; or


 (C) state that the trial court granted permission to appeal.



Tex. R. App. P. 25.2(b)(3)(A)-(C).

 "If the notice of appeal does not comply with rule 25.2(b)(3) and is only a general
notice of appeal, we can only address jurisdictional defects or the voluntariness of a defendant's
guilty plea." Luna v. State, 985 S.W.2d 128, 129-30 (Tex. App.--San Antonio 1998, pet. ref'd);
see also Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996) (applying former rule
40(b)(1), which has been replaced by rule 25.2(b)). This appeal is subject to the requirements
imposed by Tex. R. App. P. 25.2(b)(3)(B) because appellant pleaded guilty to the charge and
because the punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to by appellant. Appellant filed only a general notice of appeal; because his notice of
appeal does not contain the necessary recital, he cannot appeal the substance of any pretrial ruling. 
See Tex. R. App. P. 25.2(b)(3)(B); see also Hernandez v. State, 986 S.W.2d 817, 819 (Tex.
App.--Austin 1999, pet. ref'd). Due to this procedural defect, we lack jurisdiction to address the
merits of the appeal.



 The appeal is dismissed for want of jurisdiction.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Dismissed for Want of Jurisdiction

Filed: October 21, 1999

Do Not Publish



>




Michael Douglas, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BEXAR COUNTY, 187TH JUDICIAL DISTRICT


NO. 98-CR-0950, HONORABLE RAYMOND ANGELINI, JUDGE PRESIDING








 Appellant, Michael Douglas, pleaded guilty, pursuant to a plea bargain agreement,
to the offense of possession of cocaine as a habitual offender. See Tex. Health & Safety Code
Ann. § 481.115 (West Supp. 1999); Tex. Penal Code Ann. § 12.42 (West 1994 & Supp. 1999). 
The court assessed punishment at imprisonment for twelve years and a $1,000 fine. In a single
point of error, appellant contends the trial court erred when it failed to grant his written pretrial
motion to suppress evidence. We will dismiss the appeal for want of jurisdiction.


JURISDICTION


 Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure limits our jurisdiction
over appeals from plea-bargained convictions. The rule provides, in part:


[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or
nolo contendere under Code of Criminal Procedure article 1.15, and the
punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the notice must:


 (A) specify that the appeal is for a jurisdictional defect;


 (B) specify that the substance of the appeal was raised by written motion
and ruled on before trial; or


 (C) state that the trial court granted permission to appeal.



Tex. R. App. P. 25.2(b)(3)(A)-(C).

 "If the notice of appeal does not comply with rule 25.2(b)(3) and is only a general
notice of appeal, we can only address jurisdictional defects or the voluntariness of a defendant's
guilty plea." Luna v. State, 985 S.W.2d 128, 129-30 (Tex. App.--San Antonio 1998, pet. ref'd);
see also Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App. 1996) (applying former rule
40(b)(1), which has been replaced by rule 25.2(b)). This appeal is subject to the requirements
imposed by Tex. R. App. P. 25.2(b)(3)(B) because appellant pleaded guilty to the charge and
because the punishment assessed did not exceed the punishment recommended by the prosecutor
and agreed to by appellant. Appellant filed only a general notice of appeal; because his notice of
appeal does not contain the necessary recital, he cannot appeal the substance of any pretrial ruling. 
See Tex. R. App. P. 25.2(b)(3)(B); see also Hernandez v. State, 986 S.W.2d 817, 819 (Tex.
App.--Austin 1999, pet. ref'd). Due to this procedural defect, we lack jurisdiction to address the
merits of the appeal.



 The appeal is dismissed for want of jurisdiction.