No. 04-99-00024-CR



Raymond ZARAGOZA,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-2524


Honorable Raymond Angelini, Judge Presiding



Opinion by: Paul W. Green, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Paul W. Green, Justice


Delivered and Filed: April 12, 2000


MOTION TO WITHDRAW GRANTED; AFFIRMED

 Raymond Zaragoza pled guilty to Indecency With a Child.(1) On appeal, Zaragoza's
court appointed attorney filed a motion to withdraw and a brief concluding the appeal is
frivolous and without merit. Counsel provided Zaragoza with copies of the brief and motion
to withdraw, and informed him of his right to review the record(2) and file a brief on his own
behalf. Thus, the motion and the brief meet the requirements of Anders v. California, 386
U.S. 738 (1967) and Bruns v. State, 924 S.W.2d 176 (Tex. App.­San Antonio 1996, no
pet.). Zaragoza filed a pro se brief.

Jurisdiction

 Tex. R. App. P. 25.2(b)(3) limits our jurisdiction over appeals from plea bargained
convictions. See Luna v. State, 985 S.W.2d 128, 130 (Tex. App.­San Antonio 1998, pet.
ref'd). The rule provides, in part:

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty
or nolo contendere under Code of Criminal Procedure article 1.15, and the
punishment assessed did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant, the notice must:



 (A)specify that the appeal is for a jurisdictional defect;

 (B) specify that the substance of the appeal was raised by
written motion and ruled on before trial; or

 (C) state that the trial court granted permission to appeal.
Tex. R. App. P. 25.2(b)(3)(A)-(C).

 Because Zaragoza's notice of appeal is only a general notice of appeal, he has failed
to satisfy the requirements of Tex. R. App. P. 25.2(b)(3), and we only address jurisdictional
defects or the voluntariness of his plea. See Luna, 985 S.W.2d at 130-31.


Issues Presented Zaragoza presents four issues on appeal. First, he argues the indictment in his case
failed to charge an offense and therefore did not properly confer jurisdiction on the trial
court. Second, he complains of ineffective assistance of counsel regarding both his trial and
appellate counsel. Third, he argues his plea was coerced and involuntary. Fourth, he argues
the evidence is insufficient to support his conviction.

 Zaragoza further argues the court has jurisdiction to consider errors that are non-jurisdictional in nature, even though he did not comply with the requirements of Tex. R.
App. P. 25.2(b)(3). In light of the Court of Criminal Appeals' recent discussion of this issue,
we hold Zaragoza's failure to comply with Tex. R. App. P. 25.2(b)(3) limits the scope of our
review to jurisdictional defects and challenges to the voluntariness of the plea. See Young
v. State, No. 1579-96, slip op. at 19-21, 2000 WL 3955 at *9 (Tex. Crim. App. Jan. 5, 2000).

Indictment

 Zaragoza was indicted on two counts; count one for indecency with a child-sexual
contact and count two for indecency with a child-exposure. A review of the indictment
reveals it properly charges both offenses. Zaragoza subsequently agreed to a plea bargain
wherein the State waived count two and proceeded on count one for the lesser included
offense of indecency with a child-exposure.(3)

 Zaragoza argues his conviction is not supported by the evidence because the offense
charged in the indictment was different from the offense to which he pled guilty. He pled
guilty to a lesser included offense in accordance with his plea bargain. Where a guilty plea
is supported by more evidence than just a judicial confession, the charge to which a
defendant pleads may be different from that in the charging instrument, so long as the
evidence presented to the court supports the court's judgment. See Lopez v. State, 852
S.W.2d 695, 697-98 (Tex. App.­Corpus Christi 1993, n.p.h.); Thornton v. State, 601 S.W.2d
340, 343 (Tex. Crim. App. 1980). In this case, there was ample evidence contained in the
exhibits to which Zaragoza stipulated to support a conviction for indecent exposure.
Zaragoza's issues regarding irregularity in the indictment are overruled.

Sufficiency of the Evidence

 Zaragoza argues the evidence was insufficient to convict him of the charged offense
and that he could not have committed the charged offense at all because he was in federal
prison at the time. We are without jurisdiction to consider this complaint and it is dismissed.
See Tex. R. App. P. 25.2(b).

Ineffective Assistance of Counsel

 Zaragoza argues both his trial and appellate counsel were ineffective, and their
ineffective representation led him to enter a guilty plea involuntarily. We are without
jurisdiction to consider this complaint and it is dismissed. See Tex. R. App. P. 25.2(b).



Voluntariness

 Zaragoza complains the state delayed the presentation of the indictment and charged
conduct in the indictment solely for the purpose of intimidating him into a plea of guilty, and
that he did in fact succumb to the pressure improperly exerted by the State. A guilty plea
must be free and voluntary to be effective. Brady v. United States, 397 U.S. 742, 90 S.Ct.
1463, 1468-69 (1970); Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989). Prior to
accepting a guilty plea, the trial court must admonish the defendant about the consequences
of his plea, including the applicable range of punishment. Tex. Code Crim. Proc. Ann. art.
26.13(a) (Vernon 1989). Written admonishments are permissible if the defendant and his
attorney sign a statement indicating the defendant understands the admonitions and is aware
of the consequences of his plea. See Tex. Code Crim. Proc. Ann. art. 26.13(d).

 A heavy presumption of voluntariness is established once the defendant agrees to the
terms of the plea bargain agreement and signs the document. See Ex parte Williams, 637
S.W.2d 943, 947 (Tex. Crim. App. 1982); Harling v. State, 899 S.W.2d 9, 13 (Tex.
App.­San Antonio 1995, pet. ref'd). In determining the voluntariness of a plea, the entire
record must be considered. See Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App.
1975); Ford v. State, 845 S.W.2d 315, 316 (Tex. App.­Houston [1st Dist.] 1992, no pet.).

 There is nothing in the record before us to overcome the presumption of voluntariness
or otherwise demonstrate Zaragoza's plea was anything but voluntary. Zaragoza was
admonished in writing and again orally in open court prior to entering his plea. Contrary to
Zaragoza's arguments, there is nothing unusual about the amount of time between the
commission of the offense, the investigation of the offense, and the presentation of this case
to a grand jury. Zaragoza's voluntariness issue is overruled.

Conclusion

 We reviewed the record, Zaragoza's pro se brief, and counsel's brief, and hold the
appeal is frivolous and without merit. The judgment of the trial court is affirmed.
Furthermore, we grant the motion to withdraw filed by Zaragoza's counsel. See Bruns v.
State, 924 S.W.2d 176, 177 n.1 (Tex. App.--San Antonio 1996, no pet.).


 PAUL W. GREEN,

 JUSTICE


DO NOT PUBLISH

1. Tex. Pen. Code Ann. §21.11 (Vernon 1999).
2. Counsel also properly detailed the procedure for obtaining the record. See Bruns, 924 S.W.2d at 177 n.1.
3. See Tex. Pen. Code Ann. § 21.11(a)(1) (indecency with a child-sexual contact) and Tex. Pen. Code Ann.
§ 21.11(a)(2) (indecency with a child-exposure).