Eulogio RAMIREZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–00–00031–CR.

Court of Appeals of Texas,
San Antonio.

July 25, 2001.

Rehearing Overruled Oct. 29, 2001.

Discretionary Review Refused
May 22, 2002.

Grady L. Roberts, Jr., Law Office of Grady L. Roberts, Jr., Pearsall, Nancy B. Barohn, Attorney At Law, Dallas, for Appellant.

Leslie G. Carranza, Asst. Dist. Atty., Jourdanton, for Appellee.

Sitting: RICKHOFF, LÓPEZ, and DUNCAN, Justices.

LÓPEZ, Justice.

In accordance with the terms of his original plea-bargain agreement, Appellant Eulogio Ramirez, Jr. was placed on five years deferred adjudication community supervision. Ramirez appeals the trial court's judgment revoking his deferred adjudication community supervision after he pled "true" to violating certain conditions of his supervision. Appellant timely filed a motion for new trial, requesting a rehearing of the criminal action pursuant to Texas Rule of Appellate Procedure 21. The trial court denied appellant's motion without holding a hearing. On appeal, appellant argues that the trial court abused its discretion by failing to hold a hearing on his motion for new trial. We dismiss the appeal for lack of jurisdiction.

By requesting a new trial pursuant to rule 21, appellant is challenging his conviction. *See* TEX.R.APP.P. 21.1. As such, Texas Rule of Appellate Procedure 25.2(b)(3) applies for the following reasons: (1) appellant's original plea of guilty was pursuant to a plea bargain agreement and (2) this appeal challenges his conviction. *Vidaurri v. State,* 49 S.W.3d 880, 885–86 (Tex.Crim.App.2001); *see also* TEX. R.APP.P. 25.2(b)(3). Rule 25.2(b)(3) re-

quires appellant to file a notice of appeal that raises a jurisdictional defect, challenges a ruling of a pre-trial motion, or indicates the trial court's permission to appeal. Tex.R.App.P. 25.2(b)(3). Appellant's general notice of appeal does not assert any of the jurisdictional requirements under rule 25.2(b)(3). Therefore, we are without jurisdiction to consider appellant's claim that the trial court erred by denying him a hearing on his motion for new trial.

We dismiss this appeal for want of jurisdiction.