# .TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00392-CR

**Samuel Joseph Berry, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 51,696, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

Appellant Samuel Joseph Berry was indicted for aggravated sexual assault and indecency with a child by contact. *See* Tex. Pen. Code Ann. §§ 21.11(a)(1), 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2001).[1] Pursuant to a plea bargain, the State abandoned the first count and appellant pleaded guilty to indecency with a child. The court assessed punishment at imprisonment for eight years and a $1500 fine. Appellant contends the court erred by reviewing the victim impact statement before imposing sentence. The State urges that we do not have jurisdiction to consider this contention. We conclude that we do have jurisdiction and that no error is presented. We will affirm the judgment of conviction.

*Jurisdiction*

---

[1] Although the parties agree that the first count purported to allege an aggravated sexual assault, the State concedes that the conduct alleged – contact of the complainant's sexual organ by appellant's hand – does not violate section 22.021. For the purposes of this opinion, we will assume, as do the parties, that count one alleged a first degree felony and count two alleged a second degree felony.

The State argues that appellant's general notice of appeal does not invoke this Court's jurisdiction under the terms of Texas Rule of Appellate Procedure 25.2(b)(3). Under this rule, a defendant who pleads guilty to a felony has a limited right to appeal if "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." Tex. R. App. P. 25.2(b)(3). If the notice of appeal in such a case does not state that the appeal falls within one of three permitted categories, it does not invoke the appellate court's jurisdiction. *Whitt v. State*, 45 S.W.3d 274, 275 (Tex. App.—Austin 2001, no pet.); *see also Cooper v. State*, 45 S.W.3d 77, 79 (Tex. Crim. App. 2001) (rule 25.2(b) limits every appeal in plea bargain, felony case).

The State argues that rule 25.2(b)(3) applies to this appeal because, by abandoning the first degree felony count and permitting appellant to plead guilty to a second degree felony, the State effectively agreed to limit appellant's punishment to imprisonment for twenty years. The State relies on this Court's opinion in *Delatorre v. State*, in which we held that rule 25.2(b)(3) applies not only when the State agrees to recommend a specific number of years, but also when the agreement calls for a recommended punishment "cap" below which the trial court may exercise its discretion in assessing punishment. *Delatorre v. State*, 957 S.W.2d 145, 148-49 (Tex. App.—Austin 1997, pet. ref'd).[2] We believe, however, that the plea agreement in this cause is not analogous to the agreement in *Delatorre*.

Rule 25.2(b)(3) applies only when "the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." In other words, it

---

[2] *Delatorre* construed former appellate rule 40(b)(1), the relevant portion of which was substantially identical to present rule 25.2(b)(3).

applies only when there is an agreed punishment recommendation. In *Delatorre*, the defendant pleaded guilty to manslaughter in exchange for the State's promise to recommend that he be sentenced to no more than eleven years' imprisonment for that offense. *Id*. at 147. In the instant cause, on the other hand, the plea was "open" insofar as appellant's punishment for indecency with a child was concerned. That is, the agreement did not call for a punishment recommendation by the State, and the only "cap" was the maximum punishment prescribed by statute. While the State's agreement to abandon the first degree felony count had punishment implications, it did not constitute a punishment recommendation within the contemplation of rule 25.2(b)(3).

The plea agreement in this cause is more akin to those in *Jack v. State* and *Eaglin v. State*, in which the State agreed to dismiss other pending charges in exchange for the defendant's open guilty plea in a remaining case. *Jack v. State*, 871 S.W.2d 741, 742 (Tex. Crim. App. 1994); *Eaglin v. State*, 843 S.W.2d 153, 154 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). In each of these cases, the plea agreement was held not to limit the defendant's right to appeal. *Jack*, 871 S.W.2d at 744; *Eaglin*, 843 S.W.2d at 154, *see also Shankle v. State*, No. 03-01-00200-CR (Tex. App.—Austin Sep. 13, 2001, pet. filed) (agreement to allow trial court to take other unadjudicated offenses into consideration in assessing punishment did not invoke rule 25.2(b)(3)). Appellant's general notice of appeal was sufficient to invoke our jurisdiction.

***Victim impact statement***

Appellant contends the district court prematurely considered the victim impact statement before pronouncing him guilty. The relevant statue provides that the "court may not inspect a victim impact statement until after a finding of guilt or until deferred adjudication is ordered and the contents of the statement may not be disclosed to any person until after a finding of guilt unless: (1) the defendant pleads guilty or nolo contendere." Tex. Code Crim. Proc. Ann. art. 56.03(f)(1) (West Supp. 2001). Because appellant pleaded guilty, the statute does not appear to have been violated. *See Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref'd). In any event, appellant did not object and was, in fact, the party who first drew the court's attention to the victim impact statement at the sentencing hearing. *See* Tex. R. App. P. 33.1(a)(1). No error is presented.

The judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Puryear

Affirmed

Filed: November 29, 2001

Publish