Charles Claude CARLTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–02–00071–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 9, 2002.

Decided Oct. 10, 2002.

Mark A. Rubal, Rubal and Hamm, Houston, for appellant.

William J. Delmore, III, Harris County Asst. District Attorney, Bridget Holloway, Asst. District Attorney, Houston, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Charles Claude Carlton appeals his convictions for aggravated robbery (No. 06–02–00071–CR), robbery (No. 06–02–00072–CR), and aggravated robbery (No. 06–02–00073–CR). The trial court sentenced him to thirty-five years' imprisonment in each case, all sentences to be served concurrently. The record reflects Carlton pled guilty as part of a plea agreement to cap Carlton's punishment at forty years, which the trial court accepted. As part of the agreement, Carlton waived his right to appeal.

In his pro se notice of appeal, Carlton says his trial attorney coerced him into pleading guilty. Carlton's notice of appeal does not state the purpose of his appeal is to challenge a jurisdictional defect or to contest a ruling on a pretrial motion, or that he has the trial court's permission to appeal. *See* Tex.R. App.P. 25.2(b)(3).

In his brief to this Court, Carlton raises the singular issue of ineffective assistance of counsel. He does not attack the voluntariness of his plea or his waiver of appeal. The State asserts this Court lacks jurisdiction because Carlton waived his right to appeal as part of the plea agreement and did not receive permission of the trial court to appeal.

Before we may consider the State's challenge to our jurisdiction, we must first determine whether a plea agreement existed in the court below. Usually, a formal plea agreement is filed with the trial court. That was not done in this case. Instead, the record reflects both sides agreed to the State's proposed cap on punishment. The question then becomes whether an agreed cap on punishment amounts to a plea agreement for purposes of Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979) and Tex.R. app. P. 25.2(b)(3).

In *Ditto v. State,* 988 S.W.2d 236, 238–39 (Tex.Crim.App.1999), the Texas Court of Criminal Appeals found a plea agreement existed when the state and the defendant agreed to a recommended cap on punishment. Other courts of appeals have also held that, when the parties bargain for a recommended punishment maximum, a plea agreement exists for purposes of limiting the appellate court's jurisdiction under Rule 25.2(b)(3). *See Lemoins v. State,* 37 S.W.3d 556, 557–59 (Tex.App.-Beaumont 2001, no pet.); *Herrera v. State,* 12 S.W.3d 607 (Tex.App.-San Antonio 2000, no pet.); *Delatorre v. State,* 957 S.W.2d 145 (Tex.App.-Austin 1997, pet. ref'd).

In contrast, where there is no agreed limitation on punishment, but other agreed terms of the plea agreement are present, what might otherwise be a plea agreement will not limit the appellate court's jurisdiction pursuant to Rule 25.2(b)(3). *See Berry v. State,* 66 S.W.3d 402, 403 (Tex.App.-Austin 2001, no pet.) (citing *Jack v. State,* 871 S.W.2d 741, 742 (Tex.Crim.App.1994); *Eaglin v. State,* 843 S.W.2d 153, 154 (Tex.App.-Houston [14th Dist.] 1992, pet. ref'd)); *Shankle v. State,* 59 S.W.3d 756, 759 (Tex.App.-Austin 2001, pet. granted).

In this case, the agreed cap on punishment limits our jurisdiction under Rule 25.2(b)(3). We now turn to the State's contention that we lack jurisdiction to decide the merits of Carlton's claim.

We recently addressed this situation in *Lenox v. State,* 56 S.W.3d 660 (Tex.App.-Texarkana 2001, pet. ref'd). In that opinion, we reviewed the background of Tex. R.App. P. 25.2 and Tex.Code Crim. Proc. Ann. art. 44.02, the rule and statute that restrict the availability of appeal in situations involving a plea agreement.

An appellant invokes the jurisdiction of this Court by filing a written notice of appeal. *Lemmons v. State,* 818 S.W.2d 58, 60 (Tex.Crim.App.1991) (citing *Carter v. State,* 656 S.W.2d 468, 469 (Tex. Crim.App.1983)). But as the Texas Court of Criminal Appeals acknowledged in *Davis v. State,* 870 S.W.2d 43, 46 (Tex. Crim.App.1994), and *Jones v. State,* 796 S.W.2d 183, 186–87 (Tex.Crim.App.1990), the extent of our jurisdiction can be limited by legislation. Article 44.02 represents such a limitation in a plea-bargained appeal. *Lenox,* 56 S.W.3d at 664.

We are also without jurisdiction to consider the voluntariness of Carlton's plea. In *Cooper v. State,* 45 S.W.3d 77 (Tex.Crim.App.2001), the Texas Court of

Criminal Appeals construed Rule 25.2(b)(3) as being in harmony with the proviso portion of Article 44.02. The court held that both Article 44.02 and Rule 25.2(b)(3) restricted a defendant from appealing the voluntariness of his or her plea without the trial court's permission. *Id.* at 79. The record does not show that Carlton has the trial court's permission to appeal the voluntariness of his plea. Consequently, we are without jurisdiction to consider whether his guilty plea was coerced or whether his trial attorney provided ineffective assistance.[1] Even if we were to find the notice of appeal adequate to confer jurisdiction, Carlton's preplea waiver of appeal would nonetheless deprive us of the right to consider Carlton's claims. *See Blanco v. State*, 18 S.W.3d 218, 219–20 (Tex.Crim. App.2000).

The appeal is dismissed for want of jurisdiction.

1. A plea agreement by its nature incorporates a voluntary and understanding plea of guilty, and thus its process can only be triggered when the plea agreement and guilty plea are voluntarily and understandably made; however, in *Cooper v. State*, the Texas Court of Criminal Appeals determined that an involuntary plea may be raised by a motion for new trial and habeas corpus, but not on appeal. 45 S.W.3d 77 (Tex.Crim.App.2001). We are bound to follow this ruling.