In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00103-CV


______________________________




ERICH W. NORRIS, Appellant



V.



STARBUCKS CORPORATION, D/B/A


STARBUCKS COFFEE COMPANY, Appellee



 


On Appeal from the 165th Judicial District Court


Harris County, Texas


Trial Court No. 2000-50870




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Erich W. Norris, acting pro se, has appealed from a summary judgment granted in favor of
Starbucks Corporation, d/b/a Starbucks Coffee Company. Norris sued Starbucks alleging wrongful
termination and slander. The clerk's record was filed on August 29, 2002. The brief was therefore
due on or before September 30, 2002. On October 4, 2002, Norris filed a motion asking for a
fifteen-day extension of time in which to file his brief. We granted the motion to October 15. 

 On November 4, 2002, we sent a letter to Norris reminding him of the due date of his brief
and directing him to file a brief to arrive at this court within fifteen days of the date of the letter,
along with a reasonable explanation for the delay. We also warned Norris that unless this occurred,
his appeal would be subject to dismissal for want of prosecution pursuant to Tex. R. App. P.
38.8(a)(1). As of the date of this opinion, no brief has been filed, and Norris has not otherwise
contacted this court.

 The appeal is dismissed for want of prosecution.



 Ben Z. Grant

 Justice


Date Submitted: December 2, 2002

Date Decided: December 3, 2002


Do Not Publish



that the substance of the appeal was raised by written motion and ruled
on before trial, or (3) that the trial court granted the appellant permission to appeal. Tex. R. App. P.
25.2(b)(3). A notice of appeal that does not conform to Rule 25.2(b)(3) deprives this court of
jurisdiction over the appeal. Woods v. State, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002).

 To appeal the voluntariness of a guilty plea, an appellant must file a notice of appeal in
conformance with Rule 25.2(b)(3). Cooper v. State, 45 S.W.3d 77, 79-80 (Tex. Crim. App. 2001). 
In addition, to appeal a claim of ineffective assistance of counsel at the guilt/innocence phase of trial,
an appellant must file a notice of appeal in conformance with Rule 25.2(b)(3). See Proctor v. State,
45 S.W.3d 762, 763 (Tex. App.-Corpus Christi 2001, no pet.); Akridge v. State, 13 S.W.3d 808, 809
(Tex. App.-Beaumont 2000, no pet.); Lowe v. State, 997 S.W.2d 670, 672 (Tex. App.-Dallas 1999,
no pet.); Luna v. State, 985 S.W.2d 128, 130 (Tex. App.-San Antonio 1998, pet. ref'd); see also
Kirtley v. State, 56 S.W.3d 48, 51-52 (Tex. Crim. App. 2001) (holding a claim of ineffective
assistance of counsel at punishment phase is an issue unrelated to conviction and is, therefore, not
subject to notice requirements of Rule 25.2(b)(3)).

 In the present case, Brisco's pro se Notice of Appeal does not specify that his appeal concerns
a jurisdictional defect, that he is appealing the trial court's rulings on his pretrial motions, or that the
trial court granted him permission to appeal. Therefore, we are without jurisdiction to consider the
issues he raises in his pro se response. We have also conducted our own review of the record and
discern no arguable issues for appeal.

 The appeal is dismissed for want of jurisdiction.



 Ben Z. Grant

 Justice


Date Submitted: June 24, 2002

Date Decided: June 25, 2002


Do Not Publish