In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00074-CR


______________________________




BENITO SIA SY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 338th Judicial District Court


Harris County, Texas


Trial Court No. 780350




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



M E M O R A N D U M O P I N I O N



 Benito Sia Sy pled guilty to murder. The trial court sentenced him to twenty years'
imprisonment.

 On appeal, Sy's attorney has filed an appellate brief in which he concludes that, after a review
of the record and the related law, the appeal is frivolous and without merit. He has evaluated the
record and has found no error that arguably supports an appeal. The brief thus meets the
requirements of Anders v. California, 386 U.S. 738 (1967), and Stafford v. State, 813 S.W.2d 503
(Tex. Crim. App. 1991).

 Sy has filed a pro se response in which he contends he received ineffective assistance of
counsel that rendered his guilty plea involuntary. Specifically, he contends his attorney assured him
he would receive deferred adjudication community supervision.

 Sy filed a timely motion for new trial in which he made the same allegation of
ineffectiveness. The trial court ordered Sy's trial counsel to respond by affidavit. After reviewing
the competing affidavits, the trial court overruled Sy's motion for new trial, specifically finding the
statements in Sy's trial counsel's affidavit true. 

 Initially, we must determine whether we have jurisdiction to consider Sy's contention. Under
Tex. R. App. P. 25.2(b)(3), (1) if the appellant is appealing from a judgment rendered on his plea of
guilty under Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon Supp. 2003), and the punishment
assessed did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant, the notice of appeal must specify: (1) that the appeal is for a jurisdictional defect, (2) that
the substance of the appeal was raised by written motion and ruled on before trial, or (3) that the trial
court granted permission to appeal. Sy's notice of appeal does not contain any such specification
required by Rule 25.2(b)(3).

 The record shows Sy executed a written waiver of his rights, which included the following
handwritten statement: "Plea without a recommendation unlimited argument with a PSI hearing with
a 20 yr TDC-ID cap." The record also shows the trial court was aware of this arrangement and chose
to apply the twenty-year cap on Sy's punishment. In fact, the trial court characterized the
arrangement as "some form of a plea bargain" because Sy would not be exposed to the full range of
punishment available for a first-degree felony. See Tex. Pen. Code Ann. § 12.32 (Vernon 1994).

 Nevertheless, the parties do not refer to their arrangement as a plea agreement, asserting
rather that Sy's plea was without a recommendation regarding punishment. Notwithstanding their
positions, an agreed cap on punishment does constitute a plea agreement. Carlton v. State, No. 06-02-00071-CR, 2002 WL 31260112, at *1 (Tex. App.-Texarkana Oct. 10, 2002, no pet.); Talley v.
State, 77 S.W.3d 904, 906 (Tex. App.-Dallas 2002, no pet.); Lemoins v. State, 37 S.W.3d 556, 558
(Tex. App.-Beaumont 2001, no pet.); Delatorre v. State, 957 S.W.2d 145, 148 (Tex. App.-Austin
1997, pet. ref'd); see also Ditto v. State, 988 S.W.2d 236, 237 (Tex. Crim. App. 1999) (characterizing
as plea bargain an agreement the State would recommend punishment not to exceed ten years'
imprisonment); Perkins v. Court of Appeals for Third Supreme Judicial Dist., 738 S.W.2d 276, 283
(Tex. Crim. App. 1987) (orig. proceeding) (characterizing as plea bargain an agreement the State
would recommend punishment not to exceed twenty-five years' imprisonment). While the State did
not make a specific recommendation regarding what Sy's punishment should be, the State did make
a recommendation regarding what term of years the punishment should not exceed. This
recommendation constitutes a plea agreement to which Rule 25.2(b)(3) applies. Carlton, 2002 WL
31260112, at *1; Talley, 77 S.W.3d at 907; Lemoins, 37 S.W.3d at 559; Delatorre, 957 S.W.2d at
149-50.

 Sy filed a general notice of appeal. Therefore, this Court is without jurisdiction to consider
his contention that he received ineffective assistance of counsel that rendered his guilty plea
involuntary. Cantu v. State, 46 S.W.3d 421, 424 (Tex. App.-Corpus Christi 2001, no pet.); Akridge
v. State, 13 S.W.3d 808, 809 (Tex. App.-Beaumont 2000, no pet.); Luna v. State, 985 S.W.2d 128,
130 (Tex. App.-San Antonio 1998, pet. ref'd). We are also without jurisdiction to consider his
implied contention that the trial court erred in overruling his motion for new trial. Ramirez v. State,
75 S.W.3d 5, 5-6 (Tex. App.-San Antonio 2001, pet. ref'd).




 We dismiss the appeal for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 22, 2003

Date Decided: January 23, 2003


Do Not Publish











.
1. By an order dated December 23, 2002, the Texas Court of Criminal Appeals approved
changes to Rule 25.2. The changes became effective January 1, 2003. Because Sy filed his notice
of appeal before January 1, 2003, we apply the former rule. Tex. R. App. P. 25.2(b)(3) (Vernon
2002) (amended January 1, 2003).



:WPShow('WPFootnote1', WPFootnote1 )">


 
                                                                Donald R. Ross
                                                                Justice

Date Submitted:      April 11, 2006
Date Decided:         April 12, 2006

Do Not Publish