MEMORANDUM OPINION




No. 04-03-00464-CR



Mike Solis OZUNIGA,


Appellant



v.



The STATE of Texas,


Appellee




From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-8053


Honorable Sharon MacRae, Judge Presiding



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: February 18, 2004


DISMISSED

 In a two count indictment, Mike Solis Ozuniga was indicted for possession of between one
and four grams of heroin and for possession with intent to deliver one to four grams of heroin and
was charged as a habitual offender. The punishment range for the more serious charge, as enhanced,
is imprisonment for twenty-five to ninety-nine years or life. See Tex. Health & Safety Code Ann.
§§ 481.102(2), 481.112(a), (c) (Vernon 2003); Tex. Penal Code Ann. § 12.42(d) (Vernon 2003).
Ozuniga and the State entered into a plea bargain whereby the State agreed to proceed only on a
reduced charge of possession of less than one gram of heroin, while Ozuniga agreed to plead guilty
or no contest to the charge and to plead true to the enhancement allegations. The statutory range of
punishment for the reduced charge, as enhanced, is imprisonment for two to twenty years and a fine
of up to $10,000. See Tex. Penal Code Ann. §§ 12.33, 12.42(a)(2) (Vernon 2003). There was no
agreed punishment recommendation. As part of written plea agreement, Ozuniga and his attorney
signed the following "Waiver of Appeal":

 I understand that upon my plea of guilty or nolo contendere, where the
punishment does not exceed that recommended by the prosecutor and agreed to by
me, my right to appeal will be limited to only: (1) those matters that were raised by
written motion filed and ruled on before trial, or (2) other matters on which the trial
court gives me permission to appeal. I understand that I have this limited right to
appeal. However, as part of my plea bargain agreement in this case, I knowingly and
voluntarily waive my right to appeal under (1) and (2) in exchange for the
prosecutor's recommendation, provided that the punishment assessed by the court
does not exceed our agreement.

Ozuniga entered an open plea of no contest to the reduced charge and pleas of true to the
enhancement allegations. The trial court found Ozuniga guilty and sentenced him to fifteen years in
the Texas Department of Criminal Justice - Institutional Division. Ozuniga timely appealed. The trial
judge signed a certification stating that this "is a plea-bargain case, and the defendant has NO right
of appeal" and "the defendant has waived the right of appeal." See Tex. R. App. P. 25.2(a)(2), (d).
The certification was filed with the clerk's record.

 Rule 25.2(a)(2) of the Rules of Appellate Procedure limits a defendant's right to appeal in
"plea bargain" cases:

 In a plea bargain case - that is, a case in which defendant's plea is guilty or nolo
contendere and the punishment did not exceed the punishment recommended by the
prosecutor and agreed to by the defendant - a defendant may appeal only:


 (A) those matters that were raised by written motion filed and ruled on
before trial, or


 (B) after getting the trial court's permission to appeal.

Tex. R. App. P. 25.2(a)(2). When the clerk's record was filed, we determined that Ozuniga's plea
agreement was not a "plea bargain case" within the meaning of Rule 25.2(a)(2) because it did not
include an agreed punishment recommendation. See Jack v. State, 871 S.W.2d 741 (Tex. Crim. App.
1994) (per curiam) (holding that defendant's appeal is not limited from judgment based on agreement
that defendant would plead guilty to two counts of aggravated sexual assault, State would dismiss
other charges, and trial court would assess punishment without an agreed recommendation); Berry
v. State, 66 S.W.3d 402, 403 (Tex. App.-Austin 2001, no pet.) (holding the limits on the right to
appeal do not apply when State agrees to abandon first degree felony count in exchange for
defendant's open plea of guilty to a second degree felony); Crawford v. State, 890 S.W.2d 941, 943
(Tex. App.-San Antonio 1994, no pet.) (holding that agreement to plead guilty in exchange for
State's agreement not to seek an affirmative finding of use of a deadly weapon and to drop another
pending case does not encompass an agreed recommendation as to punishment; thus the appeal was
not limited); see also Carlton v. State, 91 S.W.3d 363, 364 (Tex. App.-Texarkana 2002, no pet.)
("where there is no agreed limitation on punishment, but other agreed terms of the plea agreement
are present, what might otherwise be a plea agreement will not limit the [appeal].") 43A George E.
Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 43.115
(2001) ("The negotiated plea rule applies only if the judgment is based upon an agreement under
which the prosecutor is to 'recommend[]' a punishment and this recommended punishment is 'agreed
to by the defendant.'"). We further determined that because the "Waiver of Appeal" Ozuniga signed
was expressly conditioned on Rule 25.2(a)(2) applying to the plea agreement, it did not become
effective and Ozuniga did not waive his right to appeal. Accordingly, on September 11, 2003, we
issued an order abating the appeal and explaining that neither Rule 25.2(a)(2) of the Texas Rules of
Appellate Procedure nor the "Waiver of Appeal" limited Ozuniga's right to appeal. In accordance
with our order, the trial court signed an amended certification stating that this "is not a plea-bargain
case, and the defendant has the right of appeal." The amended certification was filed in a supplemental
clerk's record.

 On November 5, 2003, the Texas Court of Criminal Appeals issued its opinion in Shankle v.
State, 119 S.W.3d 808 (Tex. Crim. App. 2003), in which the plea agreement required Shankle to
plead guilty to aggravated sexual assault in exchange for the State's dismissal of a burglary of a
habitation charge arising out of the same event. Id. at 809. Although the plea agreement did not
contain an agreed punishment recommendation, it did provide that the court could consider the
dismissed charge in deciding punishment. Id. The court of criminal appeals held that the plea bargain
agreement affected punishment by "effectively put[ting] a cap on punishment at the maximum
sentence for the charge that [was] not dismissed." Id. at 813. Accordingly, the court held Shankle had
no right of appeal. See id. at 814. Although Shankle was decided under former Rule 25.2(b)(3), the
relevant language in current Rule 25.2(a)(2) is "substantially identical." Shankle,119 S.W.3d at 812;
see and compare Tex. R. App. P. 25.2(b)(3)(1997, amended 2003); Tex. R. App. P. 25.2 (a)(2). Ozuniga's plea bargain agreement effectively capped punishment by lowering the maximum
sentence from life to twenty-five years. Therefore, after the Court of Criminal Appeals' decision in
Shankle, we issued an order striking the trial court's amended certification of defendant's right to
appeal; and we now hold this is "a plea bargain case" within the meaning of Rule 25.2(a)(2).
Ordinarily in such cases, the defendant may appeal matters raised by written motion filed and ruled
on before trial. Tex. R. App. P. 25.2(a)(2). However, in connection with his plea bargain, Ozuniga
waived his right to appeal such matters. The waiver was separately signed by Ozuniga and his
attorney; and Ozuniga acknowledged to the court at the plea hearing that he waived his right to
appeal as part of the agreement. The waiver appears to have been made knowingly, voluntarily, and
intelligently. Ozuniga therefore may not appeal without obtaining the trial court's consent. See
Monreal v. State, 99 S.W.3d 615 (Tex. Crim. App. 2003); Blanco v. State, 18 S.W.3d 218 (Tex.
Crim. App. 2000). The trial court has not given Ozuniga its consent to appeal.

 Because the original certification states that Ozuniga has waived his right to appeal and has
no right to appeal, we dismiss this appeal. See Tex. R. App. P. 25.2(d). 

 PER CURIAM

Do not publish