Dismissed and Memorandum Opinion filed October 7, 2004









Dismissed and Memorandum Opinion filed October 7,
2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00855-CR

____________

 

WAYMOND TROY
BAROS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
23rd District Court

 Brazoria County, Texas

Trial Court Cause No. 41,775

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Waymond Troy Baros, entered a guilty plea to the
felony offense of indecency with a child by contact.  In accordance with the terms of a plea
bargain agreement, the trial court sentenced appellant on October 18, 2002, to
six years’ deferred adjudication probation and assessed a $1,000 fine.  Appellant filed a notice of appeal.  Because we lack jurisdiction to consider this
appeal, we dismiss.








The incident from which appellant’s indictment and subsequent
guilty plea arose occurred on August 13, 2001. 
After corresponding in an internet chatroom, appellant and  sixteen-year-old S.B. agreed to meet.  Appellant picked up S.B. outside the Pearland
neighborhood in which she lived, and the two proceeded to drive around the
town.  At some point during this initial
meeting, appellant asked S.B. to remove her shirt.  Appellant then touched her breasts.

Appellant and S.B. agreed to meet again about a week
later.  On the night of the proposed
second meeting, S.B.’s brother called the police to report a suspicious vehicle
in the neighborhood.  Police stopped the
car—which was driven by appellant—and questioned appellant.  Appellant voluntarily went to the police
station and gave a statement.  Ultimately, appellant was indicted for the
August 13th incident and entered a plea of guilty on October 18, 2002.  Appellant filed a notice of appeal on
November 6, 2002.








Because appellant’s notice of appeal was filed on November 6,
2002, former Rule 25.2 of the Texas Rules of Appellate Procedure governs this
case.[1]  Former Rule 25.2(b)(3) provides that when an
appeal is from a judgment rendered on a defendant’s plea of guilty or nolo
contendere and the punishment assessed does not exceed the punishment
recommended by the State and agreed to by the defendant, the notice of appeal
must: “(A) specify that the appeal is for a jurisdictional defect; (B) specify
that the substance of the appeal was raised by written motion and ruled on
before trial; or (C) state that the trial court granted permission to appeal.”  Tex.
R. App. P. 25.2(b)(3), 948–949 S.W.2d
(Tex. Cases) xcvi (1997, amended 2002). 
Appellant’s general notice of appeal does not comply with the
requirements of former Rule 25.2(b)(3). 
Accordingly, we are without jurisdiction to consider appellant’s claims
that his plea was involuntary and that he received ineffective assistance of
counsel.  See Cooper v. State,
45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (“Rule 25.2(b) does not permit the
voluntariness of the plea to be raised on appeal.”); Luna v. State, 985
S.W.2d 128, 129–30 (Tex. App.—San Antonio 1998, pet. ref’d) (holding that a
claim for ineffective assistance of counsel is nonjurisdictional and therefore
cannot be considered in a case that fails to meet the filing requirements of
former Rule 25.2).

For the
reasons stated above, we dismiss the appeal for want of jurisdiction.

 

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed October 7, 2004.

Panel consists of
Justices Yates, Edelman, and Guzman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 











[1]  Current Rule
25.2(d) (effective January 1, 2003) requires the appellate record to include a
certification by the trial court of a defendant’s right to appeal under Rule
25.2(a)(2).  Tex. R. App. P. 25.2(d). 
For reasons that are not clear in the record, the trial court in this
case filed a certification of appellant’s right to appeal; the certification
stated that appellant had no right to appeal and that appellant had waived his
right to appeal.  The certification is
not required under former Rule 25.2.  See
Tex. R. App. P. 25.2, 948–949 S.W.2d
(Tex. Cases) xcv–xcvi (1997, amended 2002). 
Nevertheless, under either version of Rule 25.2, appellant has no right
to appeal this action.