Opinion issued January 28, 2014.



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00700-CR**
**NO. 01-13-00701-CR**
**NO. 01-13-00702-CR**

————————————

**CHARLES CLAUDE CARLTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Case Nos. 868139, 868140, and 873521

**MEMORANDUM OPINION**

Appellant, Charles Claude Carlton, attempts to appeal from his January 18, 2002 felony convictions for robbery and aggravated robbery.[1] We dismiss the appeals for want of jurisdiction.

On January 18, 2002, the district court signed judgments of conviction and assessed Carlton's punishment at confinement for thirty-five years, with the sentences to run concurrently. Carlton timely appealed. The appeals were assigned to this Court but transferred to the Sixth Court of Appeals. That court dismissed Carlton's appeals for want of jurisdiction, concluding that he waived his right to appeal as part of a plea agreement to cap his punishment and did not receive permission to appeal. *See Carlton v. State*, 91 S.W.3d 363, 364 (Tex. App.— Texarkana 2002, no pet.). The court of appeals issued the mandates on December 9, 2002. Nevertheless, on May 28 and August 1, 2013, Carlton filed a document titled "Proper Notice of Appeal and Request for Appointment of Counsel" in each trial court proceeding. The notice states that he "appeals with the court's permission the unfulfillment of expert psychiatric testimony, raised by written motion and granted <u>before</u> entry of the pleas, but not provided in the punishment hearing."

We lack jurisdiction over Carlton's attempted appeals. We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP.

---

[1]    *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03 (West 2011).

P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The time for perfecting an appeal from a judgment of conviction begins to run on the day that sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a); *see Lair v. State*, 321 S.W.3d 158, 159 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Here, the trial court imposed sentence on January 18, 2002. Carlton's notices of appeal, filed on May 28 and August 1, 2013, were untimely.

Carlton seeks to circumvent the rule 26 deadlines by reliance on Texas Rule of Appellate Procedure 2, which authorizes an appellate court to suspend the operation of an appellate rule for good cause.[2] *See* TEX. R. APP. P. 2. Rule 2, however, does not authorize the suspension of the time limit for perfecting an appeal in a criminal case. *Slaton*, 981 S.W.2d at 210; *Olivo,* 918 S.W.2d at 523; *see also Coronado v. State*, No. 14-02-00827-CR, 2003 WL 22996910, at \*2 (Tex. App.—Houston [14th Dist.] Dec. 23, 2003, no pet.) (mem. op., not designated for publication). Because Carlton's notices of appeal were untimely, we have no basis for jurisdiction over these appeals. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

---

[2] The clerk's records filed with this Court include a "Motion to Advance Original Notice of Appeal" and "Motion For Leave to File Out-of-Time Amended Notice of Appeal: Showing Good Cause," which Carlton attached to the May 28, 2013 Proper Notice of Appeal filed in the trial court. In the motions to advance and for leave, Carlton contends that he has established good cause to allow an out-of-time notice of appeal or amended notice of appeal.

3

Further, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *see also Olivo*, 918 S.W.2d at 525 n.8; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (internal citations omitted). Because Carlton's convictions for the felony offenses of aggravated robbery and robbery became final in 2002, we have no jurisdiction over this appeal.

Accordingly, we dismiss the appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.
Do not publish.  TEX. R. APP. P. 47.2(b).