**Elliott Gerard LEMOINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 09–00–378 CR to 09–00–380 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 7, 2001.

Decided Feb. 28, 2001.

John S. Morgan, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Wayln G. Thompson, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

Elliott Gerard Lemoins pleaded guilty to three (3) separate offenses of aggravated robbery.[1] For each offense, the trial court sentenced Lemoins to twelve (12) years in the Texas Department of Criminal Justice—Institutional Division; the sentences were to run concurrently.

■ We first address the State's contention that this Court does not have jurisdiction over the appeals because of Lemoins' failure to comply with the requirements of TEX.R.APP. P. 25.2(b)(3). Generally, in a criminal case, a defendant perfects an appeal by timely filing a notice of appeal. TEX.R.APP. P. 25.2(a). Notice is sufficient if it is given in writing, filed with the clerk, and shows the party's desire to appeal. TEX.R.APP. P. 25.2(b). However, in order to appeal from a judgment rendered on a defendant's plea of guilty or nolo contendere where the "punishment [does] not exceed the punishment recommended by the prosecutor and agreed to by the defendant," the notice must specify that the appeal is for a jurisdictional defect, the substance of the appeal was raised by written motion and ruled on before trial, or the trial court granted permission to appeal. TEX.R.APP. P. 25.2(b)(3). Lemoins filed a general notice of appeal in each cause number, rather than a notice conforming to the requirements of Rule 25.2(b)(3).

According to the State, Lemoins pleaded guilty to the offenses pursuant to plea bargains that capped his punishment at twenty years for each offense. In contrast, Lemoins claims the pleas were unagreed. If Lemoins is correct and there were no agreed pleas, then his general notices of appeal are effective to invoke this Court's jurisdiction. *See* TEX.R.APP. P. 25.2(b)(2)–(3); TEX.CODE CRIM. PRO. ANN. art. 1.15 (Vernon Supp.2001).

Although the record contains inconsistencies, it is apparent a plea bargain existed. For illustrative purposes, we detail some of the evidence in the record. Contained in the plea papers in the clerk's record are two documents, the "Agreed Punishment Recommendation," signed by Lemoins, his attorney, and the prosecutor, and the "Unagreed Punishment Recommendations," signed by Lemoins and his attorney. The agreed punishment recommendation provides that the defendant's punishment will be capped at twenty years and that the sentence will run concurrently with the other two aggravated robberies. The unagreed punishment recommendation states that the defendant recommends deferred adjudication. The judgment contains the following notation: "See attached plea bargain agreement (UNAGREED)."

At the guilty plea hearing, the trial court admonished Lemoins of the range of punishment for each offense—five to ninety-nine years or life. The trial judge then stated, "Your attorney and the State of Texas have not agreed as to what the proper punishment should be. Therefore, if I accept your plea in each of these cases, it is going to be entirely up to the Court to decide the punishment." He told the defendant the following:

> The law provides that since there is no plea bargain agreement in these cases you have a right at this time to withdraw your plea of "guilty" and have a trial, or you can keep going forward with your plea. Do you want to stop everything and have a trial or keep going forward?

---

1. In a single proceeding, the trial court found Lemoins guilty of each offense. Subsequently, in another single proceeding, the trial judge sentenced Lemoins in each cause. On appeal, Lemoins submitted three separate briefs; the issue brought forward in each case is the same. For purposes of judicial economy, we dispose of the three appeals in a single opinion.

The defendant responded that he wanted to "[k]eep going forward."

The trial judge indicated defense counsel would make a recommendation of "deferred probation," and the prosecutor would recommend twenty years. The following exchange then occurred:

> THE COURT: If I decide that you deserve more than 20 years ..., I am going to have to give you the opportunity to withdraw your plea of "guilty" and start all over again.
>
> . . . .
>
> THE COURT: But if I decide to assess your punishment anywhere from 5 years to 20 years in the penitentiary, you will not have the opportunity to withdraw your plea and start over.
>
> . . . .
>
> THE COURT: Knowing all that, do you still want to go forward with your plea?
>
> DEFENDANT: Yes, sir.

The record from the hearing on the guilty pleas evidences the problematic nature of the pleas. On one hand, the trial court stated that Lemoins and the State had not agreed on the punishment and that "there is no plea bargain agreement." On the other hand, the trial judge treated the cases as if they did involve plea bargains when he declared that if he assessed the punishment anywhere from five years to twenty years, Lemoins would not be able to withdraw his pleas. At the conclusion of the guilty plea hearing, the trial court again explained to the defendant that when he (Lemoins) came back before the court for sentencing, the punishment would "range all the way from deferred probation all the way up to 20 years in the penitentiary[.]" Again, the trial judge treated the pleas as "agreed."

A similar problem was evident at the sentencing hearing. The trial judge stated: "This is an unagreed plea to the offense of aggravated robbery." Immediately following that statement was the declaration that "[t]here was an agreement that the Court cannot exceed 20 years confinement in the penitentiary." The State indicated "there was never any intention to offer probation to this individual. It was always an unagreed plea for pen time." At the conclusion of the sentencing hearing, the trial judge sentenced Lemoins to twelve years for each offense and then ordered the sentences to run concurrently, just as the "Agreed Punishment Recommendation" provided.

■ As pointed out above, the written "Agreed Punishment Recommendation" limited the upper range of punishment at twenty years for each offense and provided that the sentences would run concurrently. Standing alone, this circumstance would establish the existence of a plea bargain agreement as to the punishment to be assessed by the trial court. *See Delatorre v. State*, 957 S.W.2d 145, 148 (Tex.App.—Austin 1997, pet. ref'd) (An agreement to cap the punishment constitutes a plea bargain.). At the guilty plea and sentencing hearings, however, the trial court stated the pleas were unagreed, and neither party claimed there was a plea bargain.[2] Yet

---

2. Under Tex.Code Crim. P. Ann. Art. 26.13(a)(2) (Vernon 1989 & Supp.2001), the trial court is required to inform the defendant in open court of the Court's acceptance or rejection of the agreement. In *Ditto v. State*, 988 S.W.2d 236, 238 (Tex.Crim.App.1999), the trial judge did not so "inform" the defendant in an express manner. Instead, the trial judge stated only that he would defer a finding of guilt and place the defendant on probation for ten years. The Court of Criminal Appeals stated that in imposing punishment that comported exactly with the terms of the plea agreement, the trial judge informed the appellant by his *action* that he would follow the terms of the agreement. By footnote, the Court of Criminal Appeals stated the following: "We emphasize that much confusion can be avoided if the trial judge expressly states for the record whether he agrees to follow or reject the plea agreement. Nonetheless, where the agreement is comprised of one or two simple terms, and the trial judge by his actions comports exactly with those terms, and no party objects or otherwise indicates an understanding that the trial judge is rejecting the agreement, the judge can be viewed as having 'informed the defendant' of his agreement to follow the bargain. However, if the agree-

the trial court also announced that the State and defendant had agreed to a twenty year cap which the trial court could not exceed.

■ The reporter's record is, in certain places, at odds with the clerk's record. However, the trial judge treated each case as if it involved an agreed plea when he announced he would not exceed the twenty year cap that was part of the written agreement. In viewing the record as a whole, we find that the plea papers and the trial court's treatment of each case (as one involving an agreed plea) establish the existence of a plea bargain. The mere statement by the trial court at one stage that the plea is "unagreed" will not convert the proceeding into an open plea.[3]

■ Because of the existence of a plea bargain in each case, Rule 25.2(b)(3) applies. Absent compliance with Rule 25.2(b)(3), we lack jurisdiction to consider the merits of Lemoins' issue on appeal. Lemoins filed in each case a general notice of appeal that does not meet the requirements of the Rule 25.2(b)(3). The error raised in each of his appeals does not fit into any of the categories listed in the rule; nor do his briefs raise any issue concerning the voluntariness of his plea. *See Flowers v. State,* 935 S.W.2d 131, 134 (Tex. Crim.App.1996). Accordingly, we dismiss the appeals for want of jurisdiction.

APPEAL DISMISSED.

ment is more complex and/or it is not clear whether the trial judge's actions comport with all of its terms, it cannot be concluded the judge agreed to follow the parties' bargain." *Id.* at 238, n. 4. Similarly, where the trial judge treats the plea in a manner that is consistent with treatment of an agreed plea, it cannot be said, by the trial judge's mere initial labeling of the plea as unagreed, that it is so.

3. In an unpublished opinion, we previously expressed our concern regarding the occasional confusion arising from the treatment of "agreed" and "unagreed" pleas. Again, we note our continuing concern. On more than one occasion, we have had before this Court a record containing the following: signed plea papers reciting an "agreed" plea bargain and a record of the guilty plea and sentencing hearings in which the agreement is expressly referred to as "unagreed" and yet treated by the trial court as an agreed plea. The seeming discrepancy between the written plea papers and the judge's oral admonishments makes it difficult at times for this Court to determine if it has appellate jurisdiction. We urge greater clarity.