In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-054 CR


____________________



JAMES CALVIN SAMPEY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 79247






OPINION


 James Calvin Sampey pleaded guilty to the second degree felony offense of
possession of a controlled substance, cocaine, in an amount of four grams or more but less
than two hundred grams. Tex. Health & Safety Code Ann. § 481.115 (a),(d) (Vernon
Supp. 2001). A plea bargain agreement was filed with the trial court. The trial court
accepted the plea, convicted Sampey, and imposed a sentence of eight years of
incarceration in the Texas Department of Criminal Justice, Institutional Division. Sampey
filed a general notice of appeal. The sole issue presented on appeal contends, "Reversible
error occurred when the trial court failed to follow the stated admonishment concerning
the punishment range." 

 If an appeal is from a judgment rendered on the defendant's plea of guilty under
Article 1.15 of the Texas Code of Criminal Procedure, and the punishment assessed by the
trial court does not exceed the punishment recommended by the prosecutor and agreed to
by the defendant, the notice of appeal must either specify that the appeal is for a
jurisdictional defect, specify that the substance of the appeal was raised by written motion
and ruled on before trial, or state that the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3). Failure to comply with the rule deprives the appellate court of
jurisdiction, even to consider whether the plea was knowingly and voluntarily entered. 
Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001). Since Sampey filed a general
notice of appeal, which does not reflect that the trial court granted permission to appeal,
and he pleaded guilty pursuant to a plea bargain agreement, appellate jurisdiction will lie
only if the trial court exceeded the punishment agreed upon by Sampey and the State.

 The written plea bargain agreement between Sampey and the State provided, "The
defendant's punishment will not exceed a cap of 8 years in the Institutional Division." The
written, unagreed recommendation of the State was "8 years ID," while the written,
unagreed recommendation of the defendant was "Deferred Adjudication + appropriate
time." During the plea proceeding, the judge correctly recited the prosecutions agreement
that "in no event should your sentence exceed 8 years in prison," and acknowledged that
the defendant was "asking for probation." Sampey's argument arises from the judge's
statements that "this is what we call an unagreed plea;" and that the sentence imposed
"must by law be somewhere between 8 years in prison and probation." Sampey argues
that these two statements altered the plea bargain agreement. We disagree. 

 First, we must consider the trial court's reference to an "unagreed plea" in its
context. Lemoins v. State, 37 S.W.3d 556, 559 (Tex. App.--Beaumont 2001, no pet.). 
As occurred in Lemoins, the trial court treated the case as though it involved an agreed
plea. Sampey argues that the trial court did not actually accept the plea, notwithstanding 
its pronouncement, because the court recited the plea bargain agreement was "between"
eight years of confinement and probation. Sampey argues "between" does not include
exactly eight years. There are several problems with this argument. First, the parties
reduced their agreement to writing and filed it with the court. That agreement clearly
includes an eight year sentence. Even if the trial judge mis-stated the terms of the
agreement, he did not alter them. Second, a sentence between eight years and probation,
which did not include one extreme, would not include the other extreme either. The
unagreed recommendations submitted to the court when Sampey entered his plea were
eight years and probation. During the sentencing hearing, defense counsel asked the court
to place Sampey on community supervision. At no point did Sampey express a belief that
an eight year sentence would lie outside the plea bargain agreement. The parties obviously
understood that both extremes were available for sentencing, and viewed in context, the
use of the word "between" did not evince a contrary understanding by the court, either. 
Finally, Sampey never sought to withdraw his plea, nor did he file a motion for new trial. 
Any error by the court in not permitting Sampey to withdraw his plea was waived. 
Compare Papillion v. State, 908 S.W.2d 621, 623 (Tex. App.--Beaumont 1995, no
pet.)(failure to allow withdrawal of plea preserved by motion for new trial). 

 We hold that the trial court followed the terms of the plea bargain agreement
between Sampey and the State. Accordingly, Rule 25.2(b)(3) applies to this appeal. The
appeal is dismissed for lack of jurisdiction.

 APPEAL DISMISSED. 


 PER CURIAM


Submitted on September 6, 2001

Opinion Delivered September 12, 2001

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.