In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-342 CR


____________________



SHARON ANN ROBERTSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 85952






MEMORANDUM OPINION (1)


 Sharon Ann Robertson pleaded guilty to the state jail felony offense of forgery by
passing. See Tex. Pen. Code Ann. § 32.21 (Vernon 2003). The trial court sentenced
Robertson to twelve months of confinement in the Texas Department of Criminal Justice,
State Jail Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 15, 2003,
Robertson was given an extension of time in which to file a pro se brief. We received no
response from the appellant. 

 The State contends that Robertson was sentenced in accordance with the terms of
a plea bargain agreement that capped the punishment range at fourteen months of
confinement in a state jail facility. The Clerk's record contains a document, titled "Agreed
Punishment Recommendation," that includes a "non-binding recommendation" to the
Court that there be a "14 month cap." The trial court initially admonished Robertson for
an open plea, but defense counsel reminded the court that "There is a 14-month cap we
agreed to." The trial court then admonished Robertson as follows: 

 "If I decide to place you in the state jail, the D.A.s are recommending
that I do not go over 14 months in the state jail. If I decide that you should
go for more than 14 months, then I have to give you the opportunity to
withdraw your plea and start all over again. 

 . . . .


 But if I go anywhere from 180 days up to 14 months, you will not
have the opportunity to withdraw your plea. 

 Although the record contains inconsistencies, it is apparent a plea bargain existed.
See Lemoins v. State, 37 S.W.3d 556, 557-59 (Tex. App.--Beaumont 2001, no pet.). 
Because the appeal was perfected before January 1, 2003, the notice of appeal must specify
that the appeal is for a jurisdictional defect, specify that the substance of the appeal was
raised by written motion and ruled on before trial, or state the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3). The general notice of appeal filed by
Robertson does not meet the requirements of the Rule; it thus failed to invoke our appellate
jurisdiction. White v. State, 61 S.W.3d 424, 428-29 (Tex. Crim. App. 2001); Cooper v.
State, 45 S.W.3d 77, 78 (Tex. Crim. App. 2001).

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State,813
S.W.2d 503, 511 (Tex. Crim. App. 1991). Robertson raises no points of error over which
we have jurisdiction. Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.

 PER CURIAM

Submitted September 12, 2003

Opinion Delivered September 24, 2003

Do Not Publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. Tex. R. App. P. 47.4.