Rita Carol MERCER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–06–00807–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 10, 2008.

———————

Susan C. Norman, Houston, TX, for Appellant.

John J. Harrity III, Fred Felcman, Assistant District Attorneys, John F. Healey Jr., Fort Bend County District Attorneys Office, Richmond, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

After receiving deferred adjudication community supervision following her negotiated guilty plea, appellant filed a motion for new trial, arguing that her plea was void. The trial court denied the motion. On appeal, appellant argues that the trial court abused its discretion by not vacating her void plea. We dismiss for lack of jurisdiction.

### Background

Appellant was indicted for aggravated assault. Pursuant to a plea bargain, she pleaded guilty to a Fort Bend County associate judge who accepted her plea and signed a judgment assessing punishment at 10 years' deferred adjudication community supervision. Appellant signed a waiver of her right to file a motion for new trial or appeal. The associate judge also made findings of fact and conclusions of law and signed a certification of appellant's right to appeal, indicating that appellant has no right to appeal because of her plea bargain and waiver. The district court signed an order ratifying, accepting, and approving the associate judge's actions and recommendations.

Appellant filed a pro se motion for new trial. Subsequently, she was appointed counsel, who filed an amended motion for new trial, arguing that, because appellant has a constitutional right under Article V of the Texas Constitution to have a district court hear her felony case, the associate judge, as a non-Article V judge, was without jurisdiction to hear and accept her plea. The district court denied appellant's motion. On appeal, appellant asserts that the district court abused its discretion in denying her motion for new trial and failing to vacate the associate judge's judgment because the associate judge lacked

jurisdiction to make determinations on her felony case.

### Right to Appeal

Under the Texas Rules of Appellate Procedure, a criminal defendant's appeal must be dismissed if the record does not include a certification indicating that the defendant has a right to appeal. Tex. R.App. P. 25.2(d). In a plea bargain case where punishment does not exceed the State's recommendation and is agreed to by the defendant, a defendant may only appeal 1) those matters raised by written motion and ruled on before trial, and 2) after getting the trial court's permission to appeal. *Id.* 25.2(a)(2). In the context of a plea-bargain for deferred adjudication, the Court of Criminal Appeals has expressed that the requirements of Rule 25.2(a)(2) restrict the defendant's appellate rights "only when the defendant appeals his placement on deferred adjudication community supervision pursuant to the original plea." *Hargesheimer v. State,* 182 S.W.3d 906, 913 (Tex.Crim.App.2006).

Here, even though appellant's issue is phrased as an attack on the district court's denial of her motion for new trial, her brief reveals that she is appealing her placement on deferred adjudication community supervision pursuant to her original plea. Because appellant was sentenced pursuant to the agreed terms of the plea bargain,[1]

and did not satisfy the exceptions of Rule 25.2(a)(2), we conclude that she has no right to appeal,[2] and we must dismiss this appeal "without further action." *Chavez,* 183 S.W.3d at 680.

Accordingly, the appeal is dismissed for lack of jurisdiction. Any pending motions are denied as moot.

---

1. The associate judge signed a judgment sentencing appellant to punishment that fell within the terms of the plea bargain agreement, and the district court signed an order ratifying, approving, and accepting the associate judge's actions. *See* Tex. Gov't Code Ann. § 54.1020 (In Fort Bend County, the findings and recommendations of the associate judge become the decree of the referring court when adopted and approved by an order of the court).

2. We recognize that appellant claims that her challenge to the associate judge's acceptance of her plea is jurisdictional. However, the

Court of Criminal Appeals has recently recognized that there is no jurisdictional challenge exception in Rule 25.2(a)(2) and expressed that a defendant must raise even a jurisdictional issue in a pre-trial motion or receive the trial court's permission in order to bring the issue on appeal, even if "possibly meritorious." *Chavez v. State,* 183 S.W.3d 675, 680 (Tex.Crim.App.2006). Likewise, the requirements of Rule 25.2(a)(2) apply to appellant's claims that her plea was involuntary. *See Cooper v. State,* 45 S.W.3d 77, 77 (Tex.Crim. App.2001).