Opinion issued May 27, 2010

                                                                        

 



 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00871-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JOSE ALBINO MURILLO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 12th District Court

Grimes County, Texas

Trial Court Cause No. 15918

 

 



MEMORANDUM OPINION

          In
exchange for Jose Albino Murillo’s plea of nolo contendere to the third-degree
felony charge of prohibited sexual conduct, the State agreed to dismiss a second-degree
felony charge of sexual assault.  See Tex.
Penal Code Ann. §§ 22.011(a)(1), 25.02(a)(2) (Vernon Supp.
2009).  The trial court accepted
Murillo’s plea, assessed punishment at ten years’ confinement and a fine of
$2500, and certified that this was a plea bargain case and Murillo did not have
the right to appeal.  Because the State
did not recommend a specific punishment agreed to by Murillo, and the judgment
of the trial court stated:  “Terms of Plea
Bargain:  N/A,” our court ordered the
trial court to amend the certification of the right to appeal to conform to the
record, and, pursuant to our court’s interim order, a different trial judge
certified that this is not a plea bargain case and Murillo has the right to
appeal.  After reviewing the record on
appeal, we hold that the State’s agreement to dismiss the sexual assault charge
is a plea bargain to which Murillo assented. 
Therefore, the trial court’s original certification that Murillo’s plea
bargain waived any right to appeal is correct. 
We dismiss the appeal for lack of jurisdiction.

Background

In June 2006, the State issued
indictments against Murillo for sexual assault and prohibited sexual
conduct.  In March 2008, the trial court
accepted a plea bargain between the State and Murillo, pursuant to which the
State agreed to dismiss the charge of sexual assault and Murillo agreed to
plead no contest to the charge of prohibited sexual conduct.  In the agreement, Murillo waived his right to
a jury trial and an appeal, but he did not waive his right to a presentence
investigation report (“PSI”).  The State
did not recommend a specific punishment. 
The agreement, however, included acknowledgments by Murillo that: (1)
the trial court explained that the court has discretion to assess punishment
and probate the sentence; (2) Murillo understands the complete range of
punishment for the offense; and (3) Murillo’s attorney explained the legal
consequences of both the plea and the trial court’s certification of the right
to appeal.

The trial court admonished Murillo that
he could be sentenced to confinement ranging from two to ten years, as well as
a fine of up to $10,000.  The court also
admonished Murillo that if the court did not assess punishment in excess of
what the State recommended and to which Murillo agreed, Murillo could only
appeal matters on which the trial court gave permission or matters that were
raised by written motion and ruled on before trial.  See
Tex. Code Crim. Proc. Ann. art. 26.13(a)(3)
(Vernon Supp. 2009); id. art. 44.02
(Vernon 2006).  The trial court certified
that this is a plea bargain case and Murillo does not have the right to appeal.  See
Tex. R. App. P. 25.2(a)(2).

After the PSI was completed, the
trial court held a sentencing hearing, at which Murillo asked the court to set
aside his no contest plea on the ground that he did not enter it
voluntarily.  According to Murillo, he
does not speak or understand English well, and no interpreter was present
during the plea hearing.  He testified
that he signed the plea bargain documents because he thought they were for probation.
 Murillo “didn’t know [he] was signing to
be guilty” and he only signed the documents on the advice of his attorney.  The State called Phillip Cox, who conducted
Murillo’s PSI, and Rebecca De La Rosa, a probation officer who acted as an
interpreter for Murillo during his meeting with Cox, both of whom testified
that Cox conducted the meeting in English and Murillo needed De La Rosa’s
assistance only three or four times during the four hour meeting.  Cox also testified that, during the meeting,
Murillo stated that he only entered the plea on the advice of his previous
attorney, who allegedly told Murillo that he would have a greater chance of
receiving probation if he pleaded no contest. 
The trial court ruled that Murillo entered the plea knowingly and
voluntarily, and after hearing further testimony from Cox and the complaining
witness, assessed punishment at ten years’ confinement and a fine of $2500.

Murillo filed a notice of appeal.  In February 2009, we abated the appeal to
obtain an amended certification.  The
order noted that the trial court’s judgment states “Term of Plea Bargain:  N/A.” 
We requested an amended certification conforming to the record.  See
Tex. R. App. P. 25.2(f) (allowing
filing of amended certification of right to appeal to correct defect or
omission); id. 37.1 (requiring
appellate clerk to notify parties if certification is defective).

The trial court filed an amended
certification, signed by a different judge, which stated that this is not a
plea bargain case and Murillo has the right to appeal.  Murillo contends that (1) his conviction is appealable
because he and the State entered into a “non-negotiated plea” and Murillo did
not voluntarily enter his no contest plea or waive his right to appeal; and (2)
section 25.02(a)(2) of the Penal Code unconstitutionally infringes on his liberty
and privacy rights and is facially invalid.

Discussion

Appellate Jurisdiction

          Murillo
contends that his agreement with the State, in which the State did not
recommend a specific punishment, is a “non-negotiated” plea, and thus he did
not validly waive his right to appeal.  Rule
25.2(a)(2) of the Texas Rules of Appellate Procedure addresses a criminal
defendant’s right to appeal and provides that:

A defendant in a criminal case has the right of appeal . . . . The
trial court shall enter a certification of the defendant’s right of appeal each
time it enters a judgment of guilt or other appealable order.  In a plea bargain case—that is, a case in
which a defendant’s plea was guilty or nolo contendere and the punishment did
not exceed the punishment recommended by the prosecutor and agreed to by the
defendant—a defendant may appeal only:

 

(A)                       
those matters
that were raised by written motion filed and ruled on before trial, or

 

(B) after getting the trial court’s
permission to appeal.

Tex. R. App.
P. 25.2(a)(2).  The trial court must certify that the
particular case is:  (1) not a plea
bargain case and the defendant has the right of appeal; (2) a plea bargain case
and the defendant has the right of appeal because he satisfied either Rule
25.2(a)(2)(A) or 25.2(a)(2)(B); (3) a plea bargain case and the defendant does
not have the right of appeal; or (4) a case in which the defendant waived his
right of appeal.  Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex. Crim. App. 2006).  If we determine that the certification is
defective, the appellate clerk must notify the parties so that the trial court
can remedy the defect by filing an amended certification.  See
Tex. R. App. P. 37.1; id. 25.2(f).  A certification is “defective” if it is
correct in form, but inaccurate when compared with the record.  Dears
v. State, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).  If we examine the certification after we
receive the record, we have a duty to compare the certification to the record
to determine whether it is defective.  Id. at 615.

          The
limitations on a plea-bargaining defendant’s right to appeal apply only if the
punishment imposed does not exceed the punishment recommended by the State and
agreed to by the defendant.  Tex. R. App. P. 25.2(a).  The Court of Criminal Appeals has previously
held that an agreement between the State and the defendant, in which the State
did not recommend a specific punishment but instead agreed to (1) not prosecute
a pending charge, (2) not charge an additional offense, and (3) allow the trial
court to consider the unadjudicated charge in assessing punishment, constituted
an agreement “by which the prosecutor recommended, and the appellant agreed to,
‘punishment.’”  Shankle v. State, 119 S.W.3d 808, 812–13 (Tex. Crim. App.
2003).  The Court identified two primary
forms of plea-bargaining:  (1)
charge-bargaining, in which the State agrees to dismiss or refrain from
bringing additional charges in exchange for a guilty or no contest plea, and
(2) sentence-bargaining, in which the State agrees to a sentencing “cap.”  Id.
at 813.  According to the Court, both
forms of plea-bargaining affect punishment and constitute negotiated agreements.  Id.
at 813–814.  An agreement to dismiss a
pending charge, for example, effectively caps the punishment at the maximum
sentence for the remaining charge.  Id. at 813.  Charge-bargaining can also affect punishment
if the dismissed charge is a “3(g) offense,” which limits a trial court’s
ability to suspend a defendant’s sentence and also affects parole
eligibility.  Id. at 813–14; see Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3(g)(a) (Vernon Supp. 2009). 
Thus, under Shankle, even if
the State does not make a specific punishment recommendation, if the State
agrees to dismiss a charge in exchange for a guilty or no contest plea and the
trial court sentences the defendant within the statutory range for the
remaining charge, this agreement is a plea bargain in which “the punishment did
not exceed the punishment recommended by the prosecutor and agreed to by the
defendant,” and the defendant can only appeal matters raised by written motion
and ruled on before trial or matters on which the trial court gave permission
to appeal.  See Shankle, 119 S.W.3d at 812–14; Kennedy v. State, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009)
(applying Shankle to agreement to
plead guilty to lesser offense in exchange for dismissal of attempted capital
murder charge); Tex. R. App. P.
25.2(a).

          In
this case, the State did not recommend a specific punishment in the plea
bargain agreement.  The State, however,
did agree to dismiss the charge of sexual assault, which is a “3(g) offense,”
against Murillo in exchange for his no contest plea to the prohibited sexual
conduct charge.  The agreement thus
capped Murillo’s potential punishment at the maximum sentence for his remaining
charge:  ten years.  See
Tex. Penal Code Ann. § 25.02(c)
(Vernon Supp. 2009) (prohibited sexual conduct is third degree felony); id. § 12.34 (Vernon Supp. 2009) (permissible
punishment for third degree felonies is two to ten years’ confinement plus a
fine up to $10,000).  The State and
Murillo entered into a “charge-bargain” agreement.  The trial court assessed punishment within
the permissible punishment range.  This
case, therefore, is a plea bargain case in which the defendant pleaded no contest
and the punishment imposed by the trial court did not exceed the punishment
recommended by the State and agreed to by Murillo.  Tex.
R. App. P. 25.2(a).  Because the
record shows that the trial court did not give Murillo permission to appeal and
Murillo does not appeal a matter contained in a written motion ruled on before
trial, we hold that Murillo forfeited the right to appeal in this case.  Id.;
Shankle, 119 S.W.3d at 814; see also Carender v. State, 155 S.W.3d
929, 931 (Tex. App.—Dallas 2005, no pet.) (holding Rule 25.2 requirements
applied when defendant agreed to plead guilty in exchange for State withdrawing
a punishment enhancement allegation).

          Our
order requesting an amended certification noted that the record reflects that
the trial court’s judgment states “Terms of Plea Bargain:  N/A.” 
We have previously held, however, that indications in the record that an
agreed punishment recommendation does not exist between the State and defendant
do not necessarily convert the proceeding into an “open plea” not governed by
Rule 25.2(a).  Threadgill v. State, 120 S.W.3d 871, 872 (Tex. App.—Houston [1st
Dist.] 2003, no pet.).  In Threadgill, although the record included
statements that the plea was “without a recommendation” and “without an agreed
recommendation,” it also reflected that the parties agreed to a punishment cap
of twenty years.  Id.; see also Waters v. State, 124 S.W.3d 825, 826
(Tex. App.—Houston [14th Dist.] 2003, pet. ref’d) (“[B]oth the guilty plea
document and judgment reflect that there was no agreed sentencing
recommendation, but an agreed ‘cap’ of ten years and dismissal of cause number
91888.”); Lemoins v. State, 37 S.W.3d
556, 559 (Tex. App.—Beaumont 2001, no pet.).

Here, the record reflects that
Murillo agreed to plead no contest to the prohibited sexual conduct charge in
exchange for the State’s dismissal of the sexual assault charge.  We therefore conclude that the trial court’s
original certification of Murillo’s right to appeal—stating that this is a plea
bargain case and Murillo does not have the right of appeal—is correct.  In this case, our court has the trial court’s
original, correct certification before it. 
We also informed the parties that appellate jurisdiction is an issue,
and counsel for both Murillo and the State have briefed the issue.  We thus vacate the amended certification
order requested by our court, and reinstate the trial court’s original, correct
certification order.

Voluntariness of Murillo’s Plea

          Murillo
further contends that holding that his conviction is not appealable renders his
plea involuntary because both his trial counsel and the trial court informed
Murillo that a conviction based upon his plea would be appealable.  The Court of Criminal Appeals, in applying
the pre-2002 version of Rule 25.2, held that the rule “does not permit the
voluntariness of the plea to be raised on appeal.”  Cooper
v. State, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001).  The Court looked to the language of the 1977
amendment to section 44.02 of the Code of Criminal Procedure, which provides
that criminal defendants have the right to appeal, but that right is limited in
plea bargain cases to matters raised by written motion filed before trial and
to matters on which the trial court gave permission to appeal.  Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon 2006); Cooper, 45 S.W.3d at 79. 
Nothing in the statute indicates that “the voluntariness of a plea [is]
exempt from the limitation on appeal.”  Cooper, 45 S.W.3d at 80.  As a result, a defendant generally may raise
an issue of the voluntariness of a plea only by a motion for new trial or a petition
for writ of habeas corpus.  Id. at 82; see also Tex. R. App. P.
25.2(a)(2); Mercer v. State, 262
S.W.3d 810, 811 n.2 (Tex. App.—Houston [1st Dist.] 2008, no pet.); Estrada v. State, 149 S.W.3d 280, 283
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (per curiam) (“The law is
clear that, in plea-bargained cases, we have no authority to address issues
that are not authorized by Rule 25.2(a)(2).”). 
No evidence in the record exists that Murillo obtained the trial court’s
permission to appeal the issue of the voluntariness of his plea.  We therefore hold that Murillo cannot raise this
issue on direct appeal, but must raise it in a habeas corpus proceeding.  See
Cooper, 45 S.W.3d at 83.

Conclusion

The record shows that this is a plea
bargain case involving an agreed sentencing recommendation.  Thus, the trial court’s amended certification
of Murillo’s right to appeal, ordered by this Court, is defective, but its
original certification was correct.  We
vacate that certification, and reinstate the trial court’s original
certification.  We dismiss this appeal
for lack of jurisdiction.[1]

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.

Do Not Publish.  Tex.
R. App. P. 47.2(b).











[1]
Because we lack jurisdiction over this appeal, we do not address Murillo’s
contention on the merits that section 25.02(a)(2) of the Penal Code is facially
unconstitutional and infringes upon liberty and privacy rights.