**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00447-CR**
**NO. 09-14-00448-CR**
**NO. 09-14-00449-CR**
**NO. 09-14-00450-CR**
**NO. 09-14-00451-CR**

_____

**JAMES ARTHUR SHANE III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 14-05-05425 CR (Count I), 14-05-05425 CR (Count II),**
**14-05-05425 CR (Count III), 14-05-05425 CR (Count IV),**
**14-05-05425 CR (Count V)**

**MEMORANDUM OPINION**

Appellant James Arthur Shane, III was charged by indictment with two counts of intoxication assault, possession of prohibited weapons, possession of a controlled substance, and unlawful possession of a firearm by a felon. Shane entered into a plea agreement with the State wherein the State recommended a

1

punishment cap of twenty years imprisonment. Shane entered a plea of guilty to each charge. Shane also pleaded true to one enhancement paragraph alleging a prior felony conviction, and the trial court found the enhancement true.

The trial court found Shane guilty of both counts of intoxication assault and sentenced Shane to sixteen years' confinement for each conviction. The trial court found Shane guilty of the offense of possession of a prohibited weapon and sentenced Shane to ten years' confinement. The trial court also found Shane guilty of the offense of unlawful possession of a firearm by a felon and sentenced him to ten years' confinement. The trial court ordered Shane's sentences to run concurrently.

The trial court found the evidence sufficient to support a finding of guilt to the charge of possession of a controlled substance but withheld that finding and placed Shane on deferred adjudication community supervision for ten years. Shane filed notices of appeal for each case.[1]

Shane's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief presents his professional evaluation of the record and concludes there are no arguable grounds to be advanced in this appeal. Counsel

---

[1] Shane submitted separate briefs for each cause. Because the issues brought forward in each case are the same, we dispose of all appeals in a single opinion.

provided Shane with a copy of this brief. We advised Shane of his right to file a pro se response, but we received no response from Shane.

We have reviewed the appellate record and conclude that we lack jurisdiction over Shane's appeals. The trial court's certification states that this is not a plea-bargain case, but the record reflects otherwise. The reporter's record shows that the State recommended punishment be capped at twenty years imprisonment for each charge made against Shane in exchange for Shane's agreement to enter a plea of guilty to each charge. The trial court assessed punishment in accordance with the cap recommended by the State.

Rule 25.2 of the Texas Rules of Appellate Procedure provides that a defendant in a plea-bargain case may appeal only "those matters that were raised by written motion filed and ruled on before trial," or "after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). Rule 25.2 defines a plea bargain case as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant[.]" *Id*. Thus, an agreement to a punishment cap is a plea agreement within the meaning of Rule 25.2. *See* Tex. R. App. P. 25.2(a)(2); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (en banc); *Lemoins v. State*, 37 S.W.3d 556, 557-59 (Tex. App.—Beaumont 2001, no pet.). After

3

reviewing the appellate record, we conclude that the trial court's certifications do not accurately reflect the trial court proceedings.

Because the certification is contrary to the record, it is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (holding that a certification is defective if it is correct in form but "when compared with the record before the court, proves to be inaccurate"); *see also Saldana v. State*, 161 S.W.3d 763, 764 (Tex. App.—Beaumont 2005, no pet.) ("Despite the trial court's certification, the Rule 25.2 requirements recited in a certification must be true and supported by the record."). There is nothing in the record to support a finding that Shane filed any written pretrial motions that could be appealed, or that he otherwise received the trial court's permission to appeal from a plea bargain. Therefore, Shane did not have the right to appeal his convictions. Accordingly, we dismiss these appeals for lack of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc).

DISMISSED FOR WANT OF JURISDICTION.

_____
CHARLES KREGER
Justice

4

Submitted on June 12, 2015
Opinion Delivered August 26, 2015
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.