In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00093-CR
_____

ROBERTO ISMAEL ALVARADO, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 253rd District Court**
**Liberty County, Texas**
**Trial Cause No. CR32361**

## MEMORANDUM OPINION

A grand jury indicted Alvarado for capital murder for

. . . intentionally caus[ing] the death of an individual, namely, Conbino Crasto, by shooting the said Conbino Crasto with a firearm, and the defendant was then and there in the course of committing or attempting to commit the offense of robbery of Conbino Crasto, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, during the commission of said offense[.]

Alvarado pleaded guilty to the lesser-included offense of murder. The jury found Alvarado guilty, and after hearing evidence, the jury assessed punishment at sixty-five years in prison and assessed a fine of $10,000.

Alvarado's first appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978). Therein, counsel presented his professional evaluation of the record and concluded there are no arguable grounds to be advanced in an appeal. We advised Alvarado of his right to file a pro se response, after which Alvarado obtained new appellate counsel who filed a brief. In four issues, Alvarado's new appellate counsel argues he was denied the effective assistance of counsel during the punishment phase of trial and that he should receive a new sentencing hearing.

At the time Alvarado pleaded guilty to the lesser-included offense of murder, the trial court signed a certification stating "the defendant has waived the right of appeal[.]" Later, following sentencing, the trial court signed a certification stating "this criminal case [] is not a plea-bargain case, and the defendant has the right of appeal[.]"

The Court of Criminal Appeals has explained that there are two basic kinds of plea-bargaining: charge-bargaining and sentencing-bargaining. *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (en banc).

> Charge-bargaining involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges. Sentence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended "cap" on sentencing and a recommendation for deferred-adjudication probation.

*Id.* (citations omitted). "[T]he State's agreement to forgo prosecution for a pending charge in exchange for a defendant's plea to a lesser offense effectively places a cap on the possible punishment." *See Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim. App. 2017) (citing *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009); *Shankle*, 119 S.W.3d at 813-14). The law concerning the effect of a plea bargain based on sentence bargaining also applies to plea bargains based on charge-bargaining. *Id.*

Rule 25.2 of the Texas Rules of Appellate Procedure provides that a defendant in a plea-bargain case may appeal only "those matters that were raised by written motion filed and ruled on before trial, or [] after getting the trial court's permission to appeal." Tex. R. App. P. 25.2(a)(2). Rule 25.2 defines a plea bargain case as "a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant[.]" *Id.* A charge bargain agreement is an agreement to a punishment cap and constitutes a plea agreement within the meaning of Rule 25.2. *See id.*; *Shankle*,

119 S.W.3d at 812-13; *Lemoins v. State*, 37 S.W.3d 556, 557-59 (Tex. App.—Beaumont 2001, no pet.).

After reviewing the appellate record, we conclude that the trial court's certification following the jury's determination of the punishment phase is incorrect. Alvarado's agreement to plead guilty to a lesser-included charge effectively placed a cap on his possible punishment and constituted a charge bargain. *See Thomas*, 516 S.W.3d at 502; *Shankle*, 119 S.W.3d at 813-14. Alvarado's charge bargain is governed by the law concerning the effect of a plea bargain, and under Rule 25.2(a)(2), he would only be allowed to appeal the limited matters expressly outlined in Rule 25.2. Alvarado's punishment did not exceed what Alvarado agreed to, the purported appeal does not pertain to any written pretrial motions, and the record does not reflect that Alvarado obtained the trial court's permission to appeal from a plea bargain.

The trial court's second certification fails to comport with the record and applicable rule, and therefore it is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (holding that a certification is defective if it is correct in form but "when compared with the record before the court, proves to be inaccurate"); *Saldana v. State*, 161 S.W.3d 763, 764 (Tex. App.—Beaumont 2005, no pet.) ("Despite the trial court's certification, the Rule 25.2 requirements recited

4

in a certification must be true and supported by the record."). We have no choice but to dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2); *see also Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) (dismissal required where appellant had no right of appeal because he was sentenced pursuant to a plea bargain and did not satisfy an exception under Rule 25.2(a)(2)); *Waters v. State*, 124 S.W.3d 825, 826-27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (reviewing court lacked jurisdiction where defendant pleaded guilty with a sentencing cap of ten years, even though trial judge certified defendant had right of appeal).

 APPEAL DISMISSED.

_____
    LEANNE JOHNSON
     Justice

Submitted on December 10, 2018
Opinion Delivered January 9, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.