**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00271-CR**
_____

**ROGER WYSONG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 19-31195**

---

**MEMORANDUM OPINION**

A grand jury indicted Roger Wysong for the second-degree felony offense of

failure to comply with sex offender registration requirements, and the indictment

alleged prior convictions in enhancement paragraphs:

> Wysong . . . committed an offense hereinafter styled the primary
> offense, on or about [November 1, 2018], did then and there, while
> being a person required to register with the local law enforcement
> authority in the municipality where the Defendant resided or intended
> to reside for more than seven days, to-wit: Beaumont, Texas, because
> of a reportable conviction and adjudication for a sexual offense, to wit:
> Sexual Assault, intentionally, knowingly and recklessly fail to report

1

Defendant's change of address not later than the seventh day after the date of Defendant's change of address,

[and] that before the commission of the primary offense, the Defendant was finally convicted of the felony of Indecency with a Child- Second Degree on March 19, 1993, in Cause No. 14244, in the Sixth Judicial District Court of Lamar County, Texas,

[and] that before the commission of the primary offense, the Defendant was finally convicted of the felony of Sexual Assault- Second Degree on January 5, 1999, in Cause No. 14245, in the Sixth Judicial District Court of Lamar County, Texas,

[and] that before the commission of the primary offense, and after the conviction in Cause No. 14244 became final, and after the conviction in Cause No. 14245 became final, the Defendant committed the felony of Failure to Comply with Sex Offender Registration Requirements- Second Degree and was finally convicted of such felony on April 6, 2009, in Cause No. 08-04534, in the 252nd District Court of Jefferson County, Texas[.]

The Agreed Punishment Recommendation in the clerk's record, dated May 20, 2019 and signed by Wysong, states that "[i]t is mutually agreed and recommended to the Court [that the] Prosecution should proceed only on Count(s)[]1" and that "[t]he State will not make a specific punishment recommendation[.]" The Written Plea Admonishments in the record, also dated May 20, 2019 and signed by Wysong, admonished Wysong that he was charged with the felony offense of failure to register as a sex offender and, if convicted, would face the range of punishment of "[a] term of not more than 20 years or less than 2 years in the Institutional Division of the Texas Department of Criminal Justice[]" and "a fine may be assessed not to exceed $10,000." In the stipulation signed by Wysong,

2

he affirmed that he "under[stood] the foregoing admonishments from the Court and [was] aware of the consequences of [the] plea." At the May 20, 2019 plea hearing, Wysong pleaded guilty to paragraph one, the primary offense of failure to comply with sex offender registration requirements, and on the record he agreed that he understood that he faced a term of not more than twenty years or less than two years on prison.

During the July 22, 2019 sentencing hearing, the trial court reviewed the presentencing report and again discussed the applicable punishment range with defense counsel and Wysong as a result of Wysong's agreement to plead guilty to the primary offense and the State's agreement to not proceed on the enhancement paragraphs:

> THE COURT: Is it my understanding that this could - - that h[e] could have been prosecuted as it's indicted for habitual felon?
>
> [Defense counsel]: It could have been enhanced, Your Honor.
>
> THE COURT: Is that right? He's looking at 25 to 99 or life imprisonment under the indictment if those allegations were true as they are alleged?
>
> [Defense counsel]: Correct, Your Honor.
>
> THE COURT: I think [defense counsel] has done a remarkable job of limiting the loss because he only pleaded guilty to Paragraph 1, correct?
>
> [Defense counsel]: Correct, Your Honor.

THE COURT: I think he did a great job on limiting your exposure to begin with, sir, in light of this. . . .

. . . .

THE COURT: What are you asking for?

[State's counsel]: I would stay with what the original recommendation for the State was, which is 20. Last time he received 20 years, he did 7.

THE COURT: Mr. Wysong, what would you like to say, sir?

[Wysong]: Sir, I'm serious. I never will do it again. I will pay my fees, go to my sex offense classes. I will do everything right to stay out. I got my best friend on my side now. He's going to talk to me and keep me out of the - - on the straight path.

THE COURT: Do you understand you're not being punished for anything in the future that you could do or not do? You're being punished for something in the past, and criminal history and characteristics of your character all come into play in fashioning a sentence. You understand that? Generally, people do not commit subsequent similar offenses and then get less time. That's kind of backwards in jurisprudence.

[Wysong]: I understand.

THE COURT: So, you received 20 years, correct, for the last failure to comply with sex offender registration requirements and here they've already limited your exposure from habitual felon? You could be looking at a minimum of 25, up to life in prison. So, this Court feels as though [defense counsel] has really thrown a Hail Mary pass that he was able to complete, as it were, to get you capped at no more than 20 years confinement.

You have pleaded guilty voluntarily to this charge, this second degree felony. You were mentally competent to do so. You understand the consequences of pleading guilty. There is sufficient evidence supporting your guilty plea to find you guilty beyond a reasonable doubt, and I now find you guilty beyond a reasonable doubt of this offense. You are hereby sentenced to 20 years in prison and you do

have - - this is unagreed. So, you do have a right of appeal of this case. With your criminal history and other factors, you have - - you're a high risk to succeed.

The Judgment of Conviction by Court – Waiver of Jury Trial signed by the trial court indicated that Wysong pleaded guilty to second-degree felony failure to comply with sex offender registration and "N/A" was noted under the sections "Terms of Plea Bargain[,]" as well as for the sections for the plea to the enhancement paragraphs and the findings on the enhancement paragraphs. The trial court signed a certification stating that "this criminal case [] [i]s not a plea-bargain case, and the defendant has the right of appeal[.]" In a handwritten "motion" to the trial court, Wysong acknowledged that he "agree[d] to give a negotiated settlement for a plea of guilty to a state-jail felony punishment only if the State[']s attorney abandon[ed] sentencing enhancements[,]" and that Wysong "voluntarily negotiated for the State to abandon all punishment enhancement paragraphs that have been alleged."[1]

The Court of Criminal Appeals has explained that there are two basic kinds of plea bargaining: charge-bargaining and sentence-bargaining. *See Shankle v. State*,

---

[1] In Wysong's pro se handwritten "motion" he filed with the trial court after he entered his plea and after he was sentenced by the trial court, he suggests that he believed that, if he agreed to plead guilty, he would receive a punishment of no more than two years in state jail. Based on the portions of the record discussed herein, we conclude he was fully apprised and admonished regarding the applicable punishment range before he entered his guilty plea and he agreed his plea was voluntarily and knowingly made.

119 S.W.3d 808, 813 (Tex. Crim. App. 2003) (en banc). As explained by the Court

of Criminal Appeals

> Charge-bargaining involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges. Sentence-bargaining may be for binding or non-binding recommendations to the court on sentences, including a recommended "cap" on sentencing and a recommendation for deferred-adjudication probation.

*Id.* (citations omitted). "[T]he State's agreement to forgo prosecution for a pending

charge in exchange for a defendant's plea to a lesser offense effectively places a cap

on the possible punishment." *See Thomas v. State*, 516 S.W.3d 498, 502 (Tex. Crim.

App. 2017) (citing *Kennedy v. State*, 297 S.W.3d 338, 342 (Tex. Crim. App. 2009);

*Shankle*, 119 S.W.3d at 813-14). The law concerning the effect of a plea bargain

based on sentence bargaining also applies to plea bargains based on charge-

bargaining. *Id.*

Rule 25.2 of the Texas Rules of Appellate Procedure provides that a defendant

in a plea-bargain case may appeal only "those matters that were raised by written

motion filed and ruled on before trial, [] after getting the trial court's permission to

appeal, or [] where the specific appeal is expressly authorized by statute." Tex. R.

App. P. 25.2(a)(2). Rule 25.2 defines a plea bargain case as "a case in which a

defendant's plea was guilty or nolo contendere and the punishment did not exceed

the punishment recommended by the prosecutor and agreed to by the defendant[.]"

6

*Id.* A sentence bargain agreement is an agreement to a punishment cap and constitutes a plea agreement within the meaning of Rule 25.2. *See id.*; *Shankle*, 119 S.W.3d at 812-13; *Lemoins v. State*, 37 S.W.3d 556, 557-59 (Tex. App.—Beaumont 2001, no pet.).

After reviewing the appellate record, we conclude that the trial court's certification following the punishment phase is incorrect. Wysong's agreement to plead guilty only to the primary offense of failure to register as a sex offender in exchange for the State's agreement to forego pursuit of the enhancement paragraphs effectively placed a cap on his possible punishment and constituted a plea bargain. *See Thomas*, 516 S.W.3d at 502; *Shankle*, 119 S.W.3d at 813-14; *Interiano v. State*, Nos. 05-19-01280-CR & 05-19-01281-CR, 2020 Tex. App. LEXIS 3780, at **3-4 (Tex. App.—Dallas May 5, 2020, no pet.) (mem. op., not designated for publication) (where the State abandons enhancement paragraphs that would have increased the terms of punishment, it is a "plea agreement" and the requirements of Rule 25.2 apply). Wysong's plea bargain is governed by the law under Rule 25.2(a)(2), and he would only be allowed to appeal the limited matters expressly outlined in Rule 25.2. Wysong's punishment did not exceed what he agreed to, the purported appeal does not pertain to any written pretrial motions, and the record does not reflect that Wysong obtained the trial court's permission to appeal from a plea bargain.

The trial court's certification fails to comport with the record and applicable rule, and therefore it is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (concluding that a certification is defective if it is correct in form but "when compared with the record before the court, proves to be inaccurate"). Therefore, we conclude that the appeal must be dismissed. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (en banc) (dismissal required where appellant had no right of appeal because he was sentenced pursuant to a plea bargain and did not satisfy an exception under Rule 25.2(a)(2)); *Interiano*, 2020 Tex. App. LEXIS 3780, at **3-4 (reviewing court lacked jurisdiction where the State struck enhancement language from the indictment and noting the trial court's certification that defendant had right of appeal was defective); *Waters v. State*, 124 S.W.3d 825, 826-27 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd) (reviewing court lacked jurisdiction where defendant pleaded guilty with a sentencing cap of ten years, even though trial judge certified defendant had right of appeal).

APPEAL DISMISSED.

_____
LEANNE JOHNSON
Justice

Submitted on May 21, 2020
Opinion Delivered October 21, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

8